Archie **MEINERZ** and Bernard Meinerz,
Plaintiffs,

v.

**HARDING BROS. OIL & GAS COMPA-
NY** (sometimes known as Harding Oil
Company), and Charles F. Harding, Jr.,
Defendants.

Civ. A. Nos. 70–C–382, 70–C–443.

United States District Court,
E. D. Wisconsin.

June 23, 1972.

Bruce C. O'Neill, Milwaukee, Wis., for plaintiffs.

Maurice J. McSweeney and Phillip J. Hanrahan, Milwaukee, Wis., for defendants.

## MEMORANDUM DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiffs invested in some of defendants' ventures in exploring for oil in Texas. The explorations proved futile and now plaintiffs have brought these actions to recapture their original investment.

Civil Action No. 70–C–443 was originally brought in state court. The complaint alleges two alternative causes of action for recision based upon alleged violations of Wisconsin's securities law. Defendants removed this action to this court pursuant to Title 28 U.S.C. § 1441 on the ground of diversity. Civil Action No. 70–C–382 was commenced in this court pursuant to Title 15 U.S.C. § 77v(a). The complaint, like that in 70–C–443, alleges two alternative causes of action for recision but is based upon alleged violations of the federal as opposed to the Wisconsin securities law.

Defendants filed answers to the complaints in each case, and a pretrial conference was held. At the pretrial conference, defendants indicated that with regard to each case they wished to move for a change of venue to the Northern District of Texas pursuant to Title 28 U.S.C. § 1404(a). These motions are now before me. I deny them.

Title 28 U.S.C. § 1404(a) reads as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

It is agreed that these actions might have been brought in the district court for the Northern District of Texas. The only question before me then is whether it would be an appropriate ex-

ercise of my discretion under § 1404(a) to transfer these cases.

Defendants by way of briefs and affidavits allege that all the defendants, witnesses, expert witnesses, as well as the oil wells invested in, are in Texas. A trial in Wisconsin would necessarily require the presence of the defendants and their employees, thus leaving the business in Texas unguided. However, if this lawsuit were tried in Texas, these persons could perform their regular business duties while waiting to be called to testify. Defendants also argue that their witnesses and expert witnesses are all in Texas, and defendants speculate that they may find at the time of trial that some of these persons may not be able, or may refuse, to testify in Wisconsin. However, defendants neither name their witnesses, offer an approximation of the number of witnesses to be called, nor offer an approximation of the extra cost involved between trying this case in Wisconsin as opposed to Texas. Likewise, there is no indication of which particular witnesses may be unable to testify, how many may not, or the relative importance of their testimony.

Plaintiffs in opposition to a transfer argue that they would suffer the same type of business disruption were the trial held in Texas that defendants allege they will suffer if the trial is held in Wisconsin. The Northern District of Texas bears a substantially heavier case load than this district, the weighted case load of this district being 283 while that of the Northern District of Texas is 376. 1971 Annual Report of the Director of the Administrative Office of the United States Courts, at A. 63.

One of the cases involved is grounded on Wisconsin law, and it is argued that there "is an appropriateness * * * in having the trial of a diversity case in a forum that is at home with the state law that must govern the case * * *." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Finally it is pointed out that the defendants waited until over nine months had elapsed after the filing of the complaints to bring these motions for a change of venue, while in the meantime they were able to remove one of the cases from state court, answer both complaints, and participate in a pretrial of both cases.

"The burden of establishing that the action should be transferred is on the moving party. * * * [T]he plaintiff's choice of venue should not be lightly disturbed. * * *" 1 Moore's Federal Practice ¶0.145 [5], at 1777–1778. Defendants have failed to convince me that a change of venue would be appropriate.

It is therefore ordered that defendants' motions for change of venue in each case be and they hereby are denied.

It is further ordered that not later than July 14, 1972, defendants are to submit a responsive brief on plaintiffs' motion for consolidation and separate trials. Plaintiffs may have until August 4, 1972, to file a reply brief.

It is further ordered that a status conference in these cases be held on September 15, 1972, at 4:00 P.M. in Room 471 of the Federal Building, Milwaukee, Wisconsin, without further notice to the parties.