## Daugherty *v.* Inland Tugs Company et al., Appellants.

Argued November 17, 1975. Before WATKINS, P. J., HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (JACOBS, J., absent).

*Janet N. Valentine*, with her *Robert S. Grigsby*, and *Thomson, Rhodes & Grigsby*, for appellants.

*Hymen Schlesinger*, submitted a brief for appellee.

OPINION BY WATKINS, P.J., June 28, 1976:

This case involves an appeal from the denial by the Court of Common Pleas of Allegheny County of the defendants' preliminary objections to the complaint of the plaintiff. The defendants had contended in their preliminary objections that the Court of Common Pleas of Allegheny County was not the proper forum for determination of the case on the grounds of *"forum non conveniens."* After the dismissal of the preliminary objections by the court below, the defendants took the instant appeal pursuant to *Pennsylvania Rule of Civil Procedure 1006(d), 12 P.S. Appendix*, which holds that an order dismissing a party's preliminary objections based on the doctrine of *"forum non conveniens"* is final and appealable. *Norman v. Norfolk and Western Railway Company*, 228 Pa. Superior Ct. 319, 323 A.2d 850 (1974).

The complaint, filed by the plaintiff on February 24, 1975 in Allegheny County, alleges that her decedent, Charles E. Daugherty, was injured in March, 1973 and in November, 1973 while in the employ of the defendants aboard a tugboat. The injuries are alleged to have caused the death of Daugherty on July 16, 1974. The complaint also alleges that the injuries suffered by the decedent were caused by the negligence of the defendants. On March 17, 1975 the defendants filed preliminary objections in the nature of a petition raising a question of improper venue. The preliminary objections were verified and endorsed with a notice to plead. No answer to the preliminary objections was filed by the plaintiff.

Therefore the properly pleaded facts set forth in the preliminary objections must be taken as true. *4 Standard Pa. Practice 23.*

In determining whether the doctrine of *forum non conveniens* applies to a particular case, we must look to the interests of the litigants. Important considerations in this area are the relative ease of access to the sources of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possible need for a view of the premises, if such would be appropriate to the action; and all other practical problems that make trial of a case expeditious and inexpensive. The ends of justice are not served by allowing a suit to be litigated in a forum where, on balance, unnecessary hardship and inconvenience would be cast on one party without compensatingly fair convenience to the other parties and where suit might be more conveniently litigated in another forum available equally to both parties. *Norman v. Norfolk and Western Railway Company, supra.*

Turning to the facts in the instant case, it is apparent from the defendants' unchallenged assertions set forth in their preliminary objections that: the plaintiff is a resident of Point Pleasant, West Virginia; the plaintiff's decedent resided in Point Pleasant, West Virginia; the incident of November, 1973 occurred on the Ohio River near Ashland, Kentucky; plaintiff's decedent received medical care shortly after the November, 1973 incident from a physician in Point Pleasant, West Virginia and was later treated by a physician in Huntingdon, West Virginia and that none of the crew members of the vessel on which the plaintiff's decedent was employed and on which the injury allegedly occurred reside in Pennsylvania. The only contacts that this case has with Pennsylvania are set forth in an affidavit filed by the plaintiff stating that she will produce as witnesses at trial two expert seamen who reside near Pittsburgh, Pennsylvania and that three physicians who previously examined the decedent practice in Pittsburgh, Penn-

sylvania and that the physicians would serve as expert witnesses at a trial in Pennsylvania.

While it is true that the choice of the forum by the plaintiff is entitled to great weight and should not be disturbed lightly, *Shutte v. Armco Steel Corp., et al.*, 431 F.2d 22 (3d Cir. 1970), and that a lower court's refusal to dismiss a case on the grounds of *forum non conveniens* should not be reversed except for abuse of discretion, *Walker v. Ohio River Co.*, 416 Pa. 149, 205 A.2d 43 (1964), we hold that in the instant case the contacts that this situation has with Pennsylvania are so slight that the court below did abuse its discretion in dismissing the defendants' preliminary objections on the grounds of forum non conveniens. We are cognizant of the fact that the only contacts that the plaintiff's action has with Pennsylvania are that the plaintiff's expert witnesses reside here and that expert witnesses are selected by the parties and are available virtually anywhere in the country. See *Norman v. Norfolk and Western Railway Company, supra.* Thus to allow the action to be litigated here merely because plaintiff has selected expert witnesses who reside in Pennsylvania would allow any plaintiff to circumvent the doctrine of *forum non conveniens* by selecting an expert witness who resides in Pennsylvania. This effect would virtually render the doctrine void because of the facility with which it could be circumvented and this we refuse to do.

Because the defendants have already stipulated that they will not raise the statute of limitations as a defense in an appropriate forum, it is apparent that no prejudice will inure to the plaintiff if the action is dismissed in Pennsylvania. Therefore, we reverse the order of the court below dismissing the preliminary objections of the defendants and enter the following order:

Order of the lower court is reversed and the proceedings stayed pending plaintiff's timely institution of suit in an appropriate forum, and the defendants' submission to service of process therein.

532

JACOBS, J., took no part in the consideration or decision of this case.