461 A.2d 805

**David W. FOX, Administrator of the Estate of Jeffrey Allen Fox, Deceased, Appellant,**

**v.**

**PENNSYLVANIA POWER & LIGHT COMPANY and Consolidated Rail Corporation.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1983.

Filed May 6, 1983.

Reargument Denied July 18, 1983.

Petition for Allowance of Appeal Denied Feb. 8, 1984.

80

Robert E. Slota, Bryn Mawr, for appellant.

Jerrold Paul Anders, Philadelphia, for appellees.

Before WIEAND, McEWEN and MONTGOMERY, JJ.

WIEAND, Judge:

Jeffrey Allen Fox, age 14, climbed a tower on a right of way of Consolidated Rail Corporation in Wilkes-Barre, Lu-

zerne County, where he came in contact with a high voltage electric line owned by Pennsylvania Power & Light Company (P.P. & L.). He was electrocuted and fell eighty-five feet to his death. Letters of administration were issued to the decedent's father in Luzerne County, where he resided, and he commenced wrongful death and survival actions against Consolidated Rail and P.P. & L. in the courts of Philadelphia County. P.P. & L. filed a petition under Pa.R. C.P. 1006(d) requesting a transfer of the action to the courts of Luzerne County for the convenience of parties and witnesses. The petition was granted, and the action was transferred as requested. The decedent's estate appealed.

■ An order changing venue, although interlocutory, is appealable. Pa.R.A.P. 311(c) provides: "An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles." The order transferring venue, therefore, is properly before this Court for review.

■ A court is authorized by Pa.R.C.P. 1006(d) to transfer an action to the appropriate court of any other county where the original action could have been brought if it will serve the convenience of parties and witnesses. This rule vests considerable discretion in the trial judge to determine whether to grant a petition for a change of venue. On appeal from such an order, the only issue is whether the trial judge abused his discretion. *Plum v. Tampax, Inc.*, 399 Pa. 553, 560, 160 A.2d 549, 553 (1960); *Hamay v. County of Washington*, 291 Pa.Super. 137, 141, 435 A.2d 606, 608 (1981); *Daugherty v. Inland Tugs Company*, 240 Pa.Super. 527, 531, 359 A.2d 465, 467 (1976); *Tarasi v. Settino*, 223 Pa.Super. 158, 161–162, 298 A.2d 903, 905 (1972).

■ In determining whether or not to transfer venue, a court should look to the interests of the litigants. "Important considerations ... are the relative ease of access to the

sources of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possible need for a view of the premises, if such would be appropriate to the action; and all other practical problems that make trial of a case expeditious and inexpensive. The ends of justice are not served by allowing a suit to be litigated in a forum where, on balance, unnecessary hardship and inconvenience would be cast on one party without compensatingly fair convenience to the other parties and where suit might be more conveniently litigated in another forum available equally to both parties." *Daugherty v. Inland Tugs Company, supra,* 240 Pa.Super. at 530, 359 A.2d at 466. Accord: *Koenig v. International Brotherhood of Boilermakers,* 284 Pa.Super. 558, 575, 426 A.2d 635, 644 (1980). The choice of forum by the plaintiff is also entitled to weighty consideration and should not be disturbed lightly. *Walker v. The Ohio River Company,* 416 Pa. 149, 152, 205 A.2d 43, 45 (1964); *Koenig v. International Brotherhood of Boilermakers, supra,* 284 Pa.Super. at 575, 426 A.2d at 643; *Pennsylvania Power & Light Company v. Gulf Oil Corporation,* 270 Pa.Super. 514, 539–540, 411 A.2d 1203, 1217 (1979), *cert. denied,* 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825 (1980); *Daugherty v. Inland Tugs Company, supra,* 240 Pa.Super. at 531, 359 A.2d at 467.

■ In the instant case there were weighty reasons for transferring the death action to Luzerne County. The accident happened in Luzerne County, where the decedent had resided with his parents. Letters of administration had been issued by the Orphan's Court Division of the Luzerne County Court of Common Pleas to the decedent's father, also a resident of Luzerne County. All fact witnesses were residents of Luzerne County, and it was the Wilkes-Barre police who had conducted an investigation into the circumstances surrounding the accident. Similarly, it was in Luzerne County that emergency medical care had been administered before the decedent was rushed to the Wilkes-Barre Hospital. If the accident site is to be viewed by a trial jury, this can only be done in Luzerne County. The defendant,

P.P. & L., does business in Luzerne County, but its principal offices are located in Allentown, Lehigh County. Of all the parties, only Consolidated Rail, which is the corporate successor to Lehigh Valley Railroad Company, has an office in Philadelphia. Even counsel for the appellant does not have an office in Philadelphia; his offices are located in Montgomery County. It is apparent, therefore, that the only connection which this action has to Philadelphia County is that Consolidated Rail has an office there. There is no other connection.

Under these circumstances, it seems clear that the trial court did not abuse its discretion by transferring the action to Luzerne County. It may also be, as the trial court has suggested, that the inventory of cases in Luzerne County is such that a transfer from Philadelphia County will enable the case to be assigned an earlier trial date.

The order is affirmed.

McEWEN, J., files a concurring opinion.

McEWEN, Judge, concurring:

I concur in the result of the quite thoughtful opinion of the majority but have certain further thoughts.

Translation must here precede analysis. The Latin phrase, *forum non conveniens*, is, of course, too familiar to be any task. And while interpretation of the assertions of counsel may perplex the Berlitz School, the translation becomes routine for those who, in the words of Professor Harold Hill, "know the territory".

Counsel for the parties provide the following assertions:
The appellee, Pennsylvania Power & Light Company, seeks to transfer the suit to Luzerne County "for the convenience of the parties and the witnesses."
The appellant-plaintiff urges the view that "Philadelphia County is as convenient a forum for the actual trial of this case as any other county."

The actual propositions, when translated, are:
The appellee, Pennsylvania Power & Light Company, seeks the transfer since the verdict amounts in Luzerne

County are not nearly as substantial as in Philadelphia County.

The appellant-plaintiff opposes the transfer because the settlement value and the verdict exposure is far greater in Philadelphia than in Luzerne.

While I am inclined to the view that once venue has been established, the case should not be transferred unless *extreme* inconvenience is demonstrated, Pa.R.C.P. 1006(d) refers simply to "the convenience of the parties and witnesses" as the standard by which the trial judge shall rule upon an application for transfer. And while our study of the facts leads to the conclusion that there was certainly a substantial basis for the denial of the petition for transfer, the scope of appellate review is limited to a determination of whether the hearing court abused its discretion. We are unable to so conclude since the record reflects a sufficient basis for the decision of the court to grant the petition for transfer. As a result, I concur in the result of the majority opinion.