491 A.2d 154

Kevin J. ERNEST, Appellant,

v.

FOX POOL CORPORATION, Harry V. Rose, Individually; Lawrence S. Rose, Individually; Rose Swimming Pool Company; and Harry V. Rose and/or Lawrence S. Rose, doing business or trading as Rose Swimming Pool Company, Robert L. Goodall, Inc., Appellees.

Kevin J. ERNEST, Appellant,

v.

FOX POOL CORPORATION, National Spa and Pool Institute, Williams Winters and Leanna Winters, his wife, Geisinger Medical Center; and Fred G. McMurry, M.D.

v.

ROBERT L. GOODALL, INC.

v.

Harry V. ROSE, Individually; Lawrence S. Rose, Individually; Rose Swimming Pool Company; and Harry V. Rose and/or Lawrence S. Rose, doing business or trading as Rose Swimming Pool Company, Appellees.

Superior Court of Pennsylvania.

Argued Nov. 29, 1984.

Filed March 29, 1985.

72

Richard C. Angino, Harrisburg, for appellant.

Charles W. Rubendoll, III, Harrisburg, for appellees.

Before WIEAND, MONTEMURO and CERCONE, JJ.

WIEAND, Judge:

Kevin J. Ernest was injured when he attempted to dive into an innertube in a private pool owned by William and Leanna Winters in Northumberland, Northumberland County. By a multi-count complaint filed in Dauphin County, Ernest alleged that Fox Pool Corporation had defectively designed the pool, that the private owners of the pool and National Spa and Pool Institute, an association of swimming

pool manufacturers, had been guilty of negligence, and that Geisinger Medical Center and Dr. Fred G. McMurry had been guilty of medical malpractice in treating Ernest's injuries. Robert L. Goodall, Inc., the alleged distributor of the pool, was joined as an additional defendant. In a separate action,[1] Rose Swimming Pool, the alleged retailer and the principles of that business, Harry V. and Lawrence S. Rose, were also made party defendants. In response to a defense petition filed pursuant to Pa.R.C.P. 1006(d),[2] the court in Dauphin County transferred venue to Northumberland County. Ernest appealed.

Pa.R.C.P. 1006(d) was considered by this Court in *Fox v. Pennsylvania Power & Light Co.*, 315 Pa.Super. 79, 461 A.2d 805 (1983). We there said:

A court is authorized by Pa.R.C.P. 1006(d) to transfer an action to the appropriate court of any other county where the original action could have been brought if it will serve the convenience of parties and witnesses. This rule vests considerable discretion in the trial judge to determine whether to grant a petition for a change of venue. On appeal from such an order, the only issue is whether the trial judge abused his discretion. *Plum v. Tampax, Inc.*, 399 Pa. 553, 560, 160 A.2d 549, 553 (1960); *Hamay v. County of Washington*, 291 Pa.Super. 137, 141, 435 A.2d 606, 608 (1981); *Daugherty v. Inland Tugs Company*, 240 Pa.Super. 527, 531, 359 A.2d 465, 467 (1976); *Tarasi v. Settino*, 223 Pa.Super. 158, 161–162, 298 A.2d 903, 905 (1972).

*Id.*, 315 Pa.Superior Ct. at 81, 461 A.2d at 806. The rule directs that a court's decision on a petition to change venue shall be made according to the convenience of the parties

1. A separate action was commenced by Ernest against those parties who are allegedly liable for a defective product. The court in Dauphin County also transferred venue in that action to Northumberland County, and that order is a subject of the present appeal. In order to simplify procedure for the reader, we will refer in our discussion to the first action. The issues are basically the same.

2. A separate petition filed by Robert L. Goodall, Inc. was consolidated with the joint petition of the other defendants prior to argument and disposition.

and witnesses. Important considerations, as this Court recited them in *Daugherty v. Inland Tugs Co.*, 240 Pa.Super. 527, 359 A.2d 465 (1976), include:

the relative ease of access to the sources of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possible need for a view of the premises, if such would be appropriate to the action; and all other practical problems that make trial of a case expeditious and inexpensive. The ends of justice are not served by allowing a suit to be litigated in a forum where, on balance, unnecessary hardship and inconvenience would be cast on one party without compensatingly fair convenience to the other parties and where suit might be more conveniently litigated in another forum available equally to both parties.

*Id.*, 240 Pa.Superior Ct. at 530, 359 A.2d at 466.

■ After reviewing the record in the instant case, it becomes abundantly clear that the court in Dauphin County did not abuse its discretion by transferring venue to Northumberland County. It was in Northumberland County that the plaintiff resided; and it was there that the accident occurred. It was also in Northumberland County that the pool was located, where its owners resided, and where all eyewitnesses to the accident resided. After the accident, it was Chief Michael DeFrank of the Northumberland Police Department who was summoned and arrived at the scene. The injured plaintiff was then removed to Geisinger Medical Center in nearby Danville, Montour County, where he was treated by a Northumberland County physician, Dr. Fred G. McMurry.

Conversely, Dauphin County had no connection with this litigation except that one defendant had an office there and several defendants included Dauphin County in the wider area in which they did business. The pool had been designed and manufactured in York County by Fox Pool Corporation, whose principal place of business was also in York County. National Spa and Pool Institute was an

Illinois corporation, with its principal office in Washington, D.C.; and Rose Swimming Pools was a business located in Union County. Only the distributor, Robert L. Goodall, Inc., had an office in Dauphin County, but even this defendant's principal place of business was not in Dauphin County but in Cumberland County.

■ Appellant urges that we adopt an interpretation of Pa.R.C.P. 1006(d) which will remove discretion from the court and vest it in plaintiff's attorney. We reject such an interpretation; it would be contrary to the express language of the rule. Nevertheless, it must be conceded, as appellant argues, that the choice of forum by a plaintiff is entitled to weighty consideration. *Walker v. Ohio River Co.*, 416 Pa. 149, 152, 205 A.2d 43, 45 (1964); *Fox v. Pennsylvania Power & Light Co.*, supra, 315 Pa.Super. at 82, 461 A.2d at 806; *Koenig v. International Brotherhood of Boilermakers*, 284 Pa.Super. 558, 575, 426 A.2d 635, 643 (1980). This right of a plaintiff to choose the forum, however, is not absolute. Liberalized venue rules in effect in Pennsylvania will frequently suggest the availability of more than one forum in which venue can properly be laid. This is peculiarly so in product liability cases against national manufacturers who do business in most, if not all, counties of the Commonwealth. The forum non conveniens provision in Pa.R.C.P. 1006(d) is a necessary counterbalance. 1 Goodrich-Amram 2d § 1006(d):1 (1976). The rule permits a court, in its discretion, to transfer venue "for the convenience of parties and witnesses."

The rule does not suggest that a court's decision to transfer venue should be determined according to the convenience of counsel. Thus, the fact that plaintiff's attorney in this action maintained his law office in Dauphin County was not a controlling factor. The trial court did not commit an abuse of discretion by giving greater consideration to the convenience of the parties and the witnesses.

Similarly, the rule does not suggest that a forum non conveniens transfer may be based upon possible inconvenience to the transferring court if that court were required

to try the case. Even so, the fact that a transferring court has little or no relationship with a particular action is not wholly without significance. Here, as the transferring court colorfully observed, "Dauphin County ha[d] about as much contact with this law suit as Santa Claus had with the birth of Christ." (Trial Court Opinion at p. 4).

Finally, it cannot be said that the transferring court erred by failing to consider the convenience of unidentified, perhaps even undetermined, medical and engineering experts. Such a consideration, in view of the present state of the record, would have been wholly speculative.

The transferring court concluded that it would be more convenient to the parties and witnesses if the case were tried where the swimming pool was sold, where the accident occurred, and where the individual parties and eyewitnesses resided. In view of these weighty factors, it cannot be said that the court abused its discretion by transferring venue to Northumberland County. It was not required to accept and rely exclusively upon plaintiff's choice of a forum in preference to another forum found by the court to be more convenient to the parties and witnesses and which maintained more direct contacts with the litigation.

The order is affirmed.