### Amoroso v. Joy Manufacturing Company

*Martin S. Leventon*, for plaintiff.
*Richard W. Hollstein*, for defendants.

DI BONA, JR., *A.J.*, October 16, 1985—Before the court is defendants' petition to dismiss plain-

tiff's action on the basis of forum non conveniens. For the reasons stated herein, the petition will be granted.

Plaintiff's decedent died in Delaware as a result of a work-related accident in Delaware. Decedent's employer is located in Delaware and the air compressor involved in the accident was leased to a Delaware company. Any witnesses to the accident are likely to reside in Delaware, as are the police officers who investigated the accident, and the medical personnel who treated decedent. Plaintiff is a resident of Delaware, although decedent resided in Maryland. The only connection that this litigation has with Pennsylvania is that the manufacturer of the air compressor is a Pennsylvania corporation doing business in the Philadelphia area. Venue, therefore, is proper here.

The court is aware of plaintiff's right to choose his own forum, which can only be disturbed for weighty reasons. Walker v. Ohio River Co., 416 Pa. 149, 205 A.2d 43 (1964). Unless the balance is strongly in favor of defendant, plaintiff's choice of forum should rarely be disturbed. Morris v. Stassen, 56 D.&C.2d 195 (1973).

A court is authorized by Pa.R.C.P. 1006(d) to transfer an action to the appropriate court of any other county where the action could originally have been brought for the convenience of parties and witnesses. This court, however, has no power to transfer an action to another state. A dismissal in this court will not prejudice plaintiff's right to refile this action in Delaware because the statute of limitations has not run. In Daugherty v. Inland Tugs Co., 240 Pa. Super. 527, 359 A.2d 465 (1976), the Superior Court set forth the factors which a court should consider in determining whether to dismiss on the grounds of forum non conveniens. The court stated that:

"Important considerations . . . are the relative ease of access to the sources of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possible need for a view of the premises, if such would be appropriate to the action; and all other practical problems that make trial of a case expeditious and inexpensive. The ends of justice are not served by allowing a suit to be litigated in a forum where, on balance, unnecessary hardship and inconvenience would be cast on one party without compensatingly fair convenience to the other parties and where suit might be more conveniently litigated in another forum available equally to both parties." Id. at 530, 359 A.2d at 466.

In the instant case, all of the substantial connections with this action are with Delaware, not Pennsylvania. Furthermore, Ernest v. Fox Pool Corporation, 341 Pa. Super. 71, 491 A.2d 154 (1985), provides guidance. In Ernest, the court noted that liberalized venue rules frequently suggest the availability of more than one forum where venue is proper, particularly in product-liability cases against manufacturers who do business in many localities. The doctrine of forum non conveniens provides a necessary counterbalance to, plaintiff's right to choose his forum. Ernest, supra, at 156. Because the connection of this product-liability litigation to Pennsylvania is so minimal, this action would be more conveniently litigated in Delaware.

An appropriate order will be issued.

## ORDER

And now, this October 16, 1985, defendant's petition to dismiss plaintiff's action on the basis of forum non conveniens is granted and the action is hereby dismissed.