536 A.2d 422

Andrew H. VOGEL, III, James C. Byerly and Fulton Bank, Co–Executors of the Estate of W. Charles McMinn, III, Deceased, Appellants,

v.

NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a Amtrak and East Hempfield Township and Pennsylvania Power & Light Company, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 6, 1987.

Filed Jan. 20, 1988.

Gary Lee, Philadelphia, for appellants.

Elizabeth Walker, Philadelphia, for Nat. R.R., appellee.

Joseph M. Oberlies, Philadelphia, for East Hempfield, appellee.

Andrew F. Susko, Philadelphia, for Pa. Power, appellee.

Before CIRILLO, President Judge, and WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

This appeal is from an order transferring venue of plaintiffs' cause of action on grounds of forum non conveniens from Philadelphia to Lancaster County.

■ W. Charles McMinn was killed on October 14, 1984 when an Amtrak passenger train collided with the automobile which he was operating at a grade crossing in East Hempfield Township, Lancaster County, Pennsylvania. On October 14, 1986, Andrew H. Vogel, III, James C. Byerly, and Fulton Bank, the co-executors of McMinn's estate, commenced a wrongful death and survival action in the Court of Common Pleas of Philadelphia County to recover damages against National Railroad Passenger Corporation (Amtrak), Pennsylvania Power & Light Company (P P & L), and East Hempfield Township.[1] In response to a petition filed by Amtrak for transfer of venue pursuant to Pa.R.C.P. 1006(d)(1),[2] the trial court transferred venue to Lancaster

1. The parties inform us that plaintiffs initially commenced an action against Amtrak, John Doatch (the Amtrak engineer who was operating the train that struck McMinn's vehicle), and East Hempfield Township in the Court of Common Pleas of Lancaster County. Plaintiffs discontinued this action on October 14, 1986, when it was learned that P P & L, whom plaintiffs' counsel had previously represented, was a potential defendant. Plaintiffs' counsel withdrew, and plaintiffs retained new counsel in Philadelphia. New counsel filed the instant action in Philadelphia County, naming P P & L as an additional party defendant.

2. Defendants, P P & L and East Hempfield Township, filed separate preliminary objections to plaintiffs' complaint, raising, inter alia, improper venue as well as an issue of forum non conveniens. Because the trial court transferred the action to Lancaster County on Amtrak's petition for transfer of venue, it declined to rule on P P & L's and East Hempfield Township's separate preliminary objections. That issue is not now before this Court, and we express no opinion on the merits of these undetermined objections.

County. This appeal followed.[3]

Appellants contend that the trial court abused its discretion when it transferred the action to Lancaster County without benefit of depositions on disputed issues of fact. Because of the absence of depositions, appellants argue that Amtrak failed to meet its burden of proving that a change of venue was necessary for the convenience of the parties and witnesses. Appellants also contend that Amtrak waived its right to seek a transfer of venue when it engaged in preliminary discovery in Philadelphia before filing a petition for transfer of venue.

This Court considered Pa.R.C.P. 1006(d)(1) in *Fox v. Pennsylvania Power & Light Co.*, 315 Pa.Super. 79, 461 A.2d 805 (1983), where we said:

A court is authorized by Pa.R.C.P. 1006(d) to transfer an action to the appropriate court of any other county where the original action could have been brought if it will serve the convenience of parties and witnesses. This rule vests considerable discretion in the trial judge to determine whether to grant a petition for a change of venue. On appeal from such an order, the only issue is whether the trial judge abused his discretion. *Plum v. Tampax, Inc.*, 399 Pa. 553, 560, 160 A.2d 549, 553 (1960); *Hamay v. County of Washington*, 291 Pa.Super. 137, 141, 435 A.2d 606, 608 (1981); *Daugherty v. Inland Tugs Company*, 240 Pa.Super. 527, 531, 359 A.2d 465, 467 (1976); *Tarasi v. Settino*, 223 Pa.Super. 158, 161–162, 298 A.2d 903, 905 (1972).

In determining whether or not to transfer venue, a court should look to the interests of the litigants. "Important considerations ... are the relative ease of access to the sources of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possible need for a view of the premises, if such would be

---

**3.** Although interlocutory in nature, the order transferring the action to Lancaster County is appealable as of right pursuant to Pa.R.A.P. 311(c).

appropriate to the action; and all other practical problems that make trial of a case expeditious and inexpensive. The ends of justice are not served by allowing a suit to be litigated in a forum where, on balance, unnecessary hardship and inconvenience would be cast on one party without compensating fair convenience to the other parties and where suit might be more conveniently litigated in another forum available equally to both parties." *Daugherty v. Inland Tugs Company, supra,* 240 Pa.Super. at 530, 359 A.2d at 466. Accord: *Koenig v. International Brotherhood of Boilermakers,* 284 Pa.Super. 558, 575, 426 A.2d 635, 644 (1980). The choice of forum by the plaintiff is also entitled to weighty consideration and should not be disturbed lightly. *Walker v. The Ohio River Company,* 416 Pa. 149, 152, 205 A.2d 43, 45 (1964); *Koenig v. International Brotherhood of Boilermakers, supra,* 284 Pa.Super. at 575, 426 A.2d at 643; *Pennsylvania Power & Light Company v. Gulf Oil Corporation,* 270 Pa.Super. 514, 539–540, 411 A.2d 1203, 1217 (1979), *cert. denied,* 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825 (1980); *Daugherty v. Inland Tugs Company, supra,* 240 Pa.Super. at 531, 359 A.2d at 467.

*Id.,* 315 Pa.Superior Ct. at 81–82, 461 A.2d at 806.

■ In the instant case, there were weighty reasons for transferring appellants' action to Lancaster County. The collision between Amtrak's train and decedent's automobile had occurred in Lancaster County, where the decedent had resided and worked. Letters Testamentary had been issued to appellants as co-executors of decedent's estate by the Register of Wills of Lancaster County. Police and rescue personnel, who had responded to the accident scene, and the coroner, who had performed the autopsy, all resided in Lancaster County. If the accident site were to be viewed by a trial jury, this could be done only in Lancaster County. Moreover, one of the defendants, East Hempfield Township, was a political subdivision located in Lancaster County. Another defendant, P P & L, had its offices in Lehigh County and conducted business in Lancaster County, but

had no connection with Philadelphia County. Only Amtrak, which maintained an office and did business in Philadelphia, had any apparent connection with Philadelphia County. Cf. *Fox v. Pennsylvania Power & Light Co., supra,* 315 Pa.Superior Ct. at 82–83, 461 A.2d at 806–807. These facts appear of record and are not disputed.

Plaintiffs' initial choice of forum was Lancaster County. Only when new counsel entered an appearance on behalf of the plaintiffs was the Lancaster County action discontinued and a new action begun in Philadelphia.[4] Moreover and in any event, "[t]he right of a plaintiff to choose a forum ... is not absolute. Liberalized venue rules in effect in Pennsylvania will frequently suggest the availability of more than one forum in which venue can properly be laid.... The forum non conveniens provision in Pa.R.C.P. 1006(d) is a necessary counterbalance." *Ernest v. Fox Pool Corp.,* 341 Pa.Super. 71, 75, 491 A.2d 154, 156 (1985), citing 1 Goodrich Amram 2d § 1006(d):1 (1976).

■ Although depositions were not taken in support of Amtrak's petition for change of venue, this fact is not alone fatal to the trial court's exercise of discretion to transfer venue. Depositions are necessary only when the facts essential to a decision are in dispute. See: *DiNårdo v. Central Penn Air Services, Inc.,* 358 Pa.Super. 75, 79, 516 A.2d 1187, 1189 (1986); *Urban v. Urban,* 332 Pa.Super. 373, 380, 481 A.2d 662, 666 (1984). In this case there was a plethora of undisputed facts sufficient to enable a trial court to determine that it would be more convenient to the parties and witnesses to try the case in Lancaster County.

Contrary to appellant's argument, this Court's decision in *Petty v. Suburban General Hospital,* 363 Pa.Super. 277, 525 A.2d 1230 (1987), does not hold that depositions are necessary in all cases before venue can be transferred. There, the Court held that despite an opportunity to take depositions—the trial court had ordered that they be tak-

4. Amtrak suggests in its brief, although we are unable to confirm from the record, that the trial court in Lancaster County subsequently set aside plaintiffs' discontinuance of the Lancaster County action.

en—the defendants had failed to provide the trial court with adequate, reliable information necessary to make an informed decision. Such is not the situation in the instant case. Here, there were sufficient, undisputed facts to permit the trial court to exercise its discretion and sufficient facts to permit appellate review. The trial court's determination to transfer the case to Lancaster County for the convenience of the parties and witnesses was supported by the record facts. Cf. *Fox v. Pennsylvania Power & Light Co., supra.*

Appellants also contend that Amtrak waived its right to seek a transfer of venue by conducting preliminary discovery in the nature of written interrogatories. We disagree. Rule 1006(d) imposes no time limit upon a party who seeks to transfer venue, and neither rule nor decision suggests that discovery cannot be conducted either prior to or during the pendency of a petition to transfer venue under Pa.R.C.P. 1006(d). Amtrak's petition was filed only 58 days after suit had been commenced against it and other defendants. The mere service of interrogatories by Amtrak upon other parties to the action in Philadelphia did not amount to a waiver of its right to seek a transfer of the action to a more convenient forum.

Order affirmed.