617 A.2d 37

Catherine E. WILLS and William W. Wills, h/w, Appellants,

v.

Carl J. KASCHAK, D.D.S., Leonard Limongelli, D.O., Mark Radbill, D.O., Lawrence Schmitzer, D.O., Richboro Medical Association and Louis S. Pearlstein, D.O., Appellees.

Superior Court of Pennsylvania.

Argued May 14, 1992.

Filed Dec. 7, 1992.

Laura Feldman, Philadelphia, for appellants.

Bert C. Tuttle, Norristown, for Limongellio, Radbill, Schmitzer and Richboro Medical Ass'n, appellees.

Before WIEAND, OLSZEWSKI and KELLY, JJ.

WIEAND, Judge:

This is an appeal from an order transferring a civil action from Philadelphia County to Bucks County for the convenience of parties and witnesses pursuant to Pa.R.C.P. 1006(d).

The action was commenced in September, 1988, by Catherine and William Wills against Carl J. Kaschak, D.D.S., Leonard Limongelli, D.O., Mark Radbill, D.O., Lawrence Schmitzer, D.O., Louis S. Pearlstein, D.O. and the Richboro Medical Association. According to the averments of plaintiffs' complaint, Catherine Wills sustained personal injuries as a result of medical care negligently provided by the defendants. On June 12, 1991, defendants Limongelli, Radbill, Schmitzer, and Richboro Medical Association (appellees) filed a petition to

transfer venue based on the doctrine of forum non conveniens. After considering the defendants' petition to transfer and the plaintiffs' response thereto, the trial court entered an order granting the petition and ordering the case to be transferred from Philadelphia County to Bucks County. Plaintiffs appealed.

In reviewing orders granting a change of venue on the basis of forum non conveniens, we are guided by the following principles:

Pa.R.C.P. 1006(d) "vests considerable discretion in the trial judge to determine whether to grant a petition for a change of venue. On appeal from such an order, the only issue is whether the trial judge abused his discretion." *Fox v. Pennsylvania Power & Light Co.*, 315 Pa.Super. 79, 81, 461 A.2d 805, 806 (1983), citing *Plum v. Tampax, Inc.*, 399 Pa. 553, 560, 160 A.2d 549, 553 (1960).

An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*In re Women's Homoeopathic Hospital of Philadelphia*, 393 Pa. 313, 316, 142 A.2d 292, 294 (1958), quoting *Echon v. Pennsylvania R.R. Co.*, 365 Pa. 529, 534, 76 A.2d 175, 178 (1950). The supreme court has described the heavy burden facing the appellant from a discretionary trial court determination: "[I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power." *Mackarus's Estate*, 431 Pa. 585, 596, 246 A.2d 661, 666–67 (1968), quoting *Garrett's Estate*, 335 Pa. 287, 292–93, 6 A.2d 858, 860 (1939). If there is any basis for the trial court's decision, the decision must stand. *Id.*

*Brown v. Delaware Valley Transplant Program*, 371 Pa.Super. 583, 586, 538 A.2d 889, 891 (1988).

 When considering a motion for change of venue, a trial court should weigh the hardships and conveniences inherent in trying the action. *Alter v. Pennsylvania Gas and Water Co.*, 110 Pa.Commw. 349, 355, 532 A.2d 913, 916 (1987), *allocatur denied*, 521 Pa. 623, 557 A.2d 726 (1989). Although the choice of forum by a plaintiff is entitled to weighty consideration, the right of a plaintiff to choose a forum is not absolute. The forum non conveniens provision inserted into Pa.R.C.P. 1006(d) was intended as a necessary counterbalance. *Ernest v. Fox Pool Corp.*, 341 Pa.Super. 71, 75, 491 A.2d 154, 156 (1985). The rule permits a court, in its sound discretion, to transfer venue "for the convenience of parties and witnesses."

In determining whether Bucks County is a more convenient forum than Philadelphia County for the parties and witnesses, the trial court was required to weigh three categories of factors. "First, the plaintiff's choice of forum should be given significant weight. Second, the interests of the parties should be considered, including relative ease of access to sources of proof, availability of compulsory process for the attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses, possibility of a view of premises, if appropriate, enforceability of a judgment, and any other problem which affects the ease, celerity or expense of the litigation. The third category is the public interest; litigation should not be piled up in congested centers rather than being handled at its origin; jury duty should not be imposed on the people of a community which has no relation to the litigation." *Brown v. Delaware Valley Transplant Program, supra* 371 Pa.Super. at 586–587, 538 A.2d at 891, citing *Plum v. Tampax, Inc.*, 399 Pa. 553, 560, 160 A.2d 549, 553 (1960). See also: *Okkerse v. Howe*, 521 Pa. 509, 519, 556 A.2d 827, 832 (1989); *In re Paoli R.R. Yard PCB Litigation*, 137 Pa.Commw. 220, 224, 585 A.2d 608, 611 (1991).

In the instant case, the trial court concluded that a change of venue was necessary for the convenience of the parties and witnesses. The court found that: 1) the Bucks County venue allowed easier access to the sources of proof because the

offices of the defendants were located there;[1] 2) the plaintiffs also resided in Bucks County; 3) the attendance of witnesses would be easier in Bucks County because fact witnesses were either employed or resided there; 4) the alleged acts giving rise to the plaintiffs' cause of action arose in Bucks County; 5) the case had substantially more contacts with Bucks County than Philadelphia County. The trial court also appropriately took into consideration the strong public interest of avoiding court congestion of cases that do not belong in our Commonwealth's large urban centers. In this respect, the trial court observed:

> If we were to allow these type of actions to be brought in Philadelphia's already congested courts instead of being handled where they originated, it will compound an already overwhelmed legal system. Also, jury duty is a burden that ought not be imposed on people of a community which has no relationship to the litigation. (citations omitted). It is impossible to ignore the overwhelming burden that presently exists in the Philadelphia Court of Common Pleas with approximately 45,000 civil cases pending. *Boyle v. Chester Cty. Mut. Ins. Co., et al.*, 21 Phila. 1 (1990). (quoting *Dallas v. Orthopedic Associates*, 22 Phila. 286 (1991)).

> Transfer of this case alone will not alleviate the backlog that now exists in the Philadelphia Court of Common Pleas, but it is a step that must be taken. It is clear that the Philadelphia Court of Common Pleas has no connection with this litigation, except that co-defendant Pearlstein maintains an office in Philadelphia.

Tr.Ct.Op. of 11/13/91 at 5.

■ Under these circumstances, we conclude that the trial court acted within its discretion by transferring the action to Bucks County. Bucks County is where the treating doctors' offices are located, where the relevant witnesses are employed, where the relevant evidence is located and where the

---

1. Although defendant Pearlstein also maintained an office in Philadelphia, his contact with the plaintiff occurred in Bucks County.

alleged negligent conduct occurred.[2] Furthermore, plaintiffs do not reside in Philadelphia County but are also residents of Bucks County. The defendants maintain their medical offices in Bucks County except for Dr. Pearlstein who has an office in Philadelphia, but he, too, treated Catherine Wills in Bucks County. Finally, the public interest weighs heavily on the side of transfer, as jury duty and the attendant costs of litigation should not be imposed on the people of Philadelphia County who have no relation to this litigation. See: *Incollingo v. McCarron*, 416 Pa.Super. 419, 611 A.2d 287 (1992) (trial court properly recognized substantial backlog of Philadelphia trial courts in determining transfer petition under Rule 1006(d)). Therefore, under the standard of review set forth above, we conclude that the trial court did not abuse its discretion by transferring the case to Bucks County.

Order affirmed.

KELLY, J., files a dissenting opinion.

KELLY, Judge, dissenting:

I am compelled to note the following and, therefore, respectfully dissent. The appellants, Catherine and William Wills, commenced this action by filing a complaint in September, 1988. All of the defendants filed answers raising new matters, preliminary objections and served interrogatories upon appellants at various times following the filing of the complaint. In

**2.** Plaintiffs contend that the trial court relied on facts which were not of record in determining that the defendants' alleged malpractice occurred in Bucks County. However, the basis of the plaintiffs' complaint is that Catherine Wills suffered personal injuries as a result of (a) defendant Kaschak's failure to administer prophylactic antibiotics at the time of her dental treatment and (b) the failure of defendants Limongelli, Radbill, Schmitzer, Pearlstein, and Richboro Medical Association to detect, diagnose, and/or timely treat bacterial endocarditis (and the conditions resulting therefrom) from which Catherine Wills was suffering. Therefore, there were sufficient facts to allow the trial court to make an informed decision. *Vogel v. National Railroad Passenger Corp.*, 370 Pa.Super. 315, 536 A.2d 422 (1988). Moreover, plaintiffs' contention that her subsequent treating physicians and expert witnesses were located in Philadelphia is an inadequate basis for refusing to transfer venue. See: *McReynolds v. Benner Township*, 118 Pa.Commw. 215, 544 A.2d 566 (1988); *Dallas v. Orthopedic Associates*, 22 Phila. 286 (1991).

general, discovery proceeded for thirty-three months before, on June 12, 1991, several of the defendants, the appellees, filed a petition to transfer venue based upon the doctrine of *forum non conveniens*. In their petition to transfer venue, the appellees contended that venue should be transferred to Bucks County for the following reasons: 1) the appellants resided in Bucks County; 2) the moving defendants had their offices in Bucks County; 3) all of the treatments complained about occurred in Bucks County; 4) a Bucks County trial would be more convenient for all parties because of the parties' ties to that county; and, 5) transfer of the lawsuit to Bucks County would result in its faster disposition because, unlike Philadelphia County, the Bucks County civil docket is not overcrowded.

The appellants, in their answer to the appellees' petition to transfer venue, averred that one of the non-moving defendants, Louis S. Pearlstein, D.O. maintains his residence and a separate office where he provides services to patients on a routine and continuous basis in Philadelphia County; thus, all of the defendants would not be unduly burdened by a trial in Philadelphia County. The appellants also averred in their answer that Ms. Wills' received the bulk of her treatment for her injuries which were allegedly caused by the defendants' negligence in Philadelphia County. Additionally, the appellants averred that none of the doctors who treated Ms. Wills for her injuries and were potential witnesses at trial are residents of Bucks County. Finally, the appellants averred that the appellees failed to specify how they would be prejudiced if the case remained in Philadelphia County in light of their tardiness (thirty-three months) in filing their petition to transfer venue. However, the trial court, without receiving any evidence on the appellees' averments, summarily entered an order transferring the case to Bucks County.

In its opinion explaining the transfer of venue to Bucks County, the trial court based its decision upon the averments contained in the appellees' petition to transfer venue to Bucks County and upon the civil case backlog currently existing in Philadelphia County. Accordingly, I would find the methodol-

ogy employed by the trial court in disposition of the appellees' petition to transfer venue to Bucks County to be erroneous. Thus, I would reverse the order directing the transfer of venue to Bucks County and remand to the trial court for the taking of depositions on the disputed issues of fact pursuant to Pa.R.C.P. 209(a) and (b). I would reach this result for the following reasons.

The standard of review for an appeal of a trial court order transferring venue is to determine whether the trial judge's determination was an abuse of discretion. *Brown v. Del. Val. Transplant Prog.*, 371 Pa.Super. 583, 538 A.2d 889 (1988). An abuse of discretion includes not only an error of judgment but also an error of law. *Incollingo v. McCarron*, 611 A.2d 287 (Pa.Super.Ct.1992); *St. Vladimir Orthodox Church v. Preferred Risk Mut. Ins. Co.* 239 Pa.Super. 492, 497, 362 A.2d 1052, 1056 (1976).

A plaintiff/appellant should not be deprived of a choice of forum unless the defendant/appellees "clearly adduce facts that either (1) establish such oppressiveness and vexation to a defendant so as to be out of all proportion to plaintiff's convenience.... or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems. These private and public interest factors must weigh strongly in favor of the defendant before the court can disturb the plaintiff's choice of forum." *Okkerse v. Howe* 521 Pa. 509, 518, 556 A.2d 827, 832 (1989); *Alford v. Phil. Coca–Cola Bottling*, 366 Pa.Super. 510, 531 A.2d 792 (1987).

While the trial court is capable of determining matters of public interest without supporting evidence, an "informed assessment of the private interests at stake and of the particular circumstances that affect the public interest often requires the court to resolve disputed issues of fact...." *Id.* at 515, 531 A.2d at 795. This Court concluded in *Alford* that "[o]n petitions to transfer pursuant to rule 1006(d), the parties and the court must resolve all material issues of disputed fact through procedures established by Pa.R.C.P. 209." *Id.* at 515, 531 A.2d at 795; *see also Okkerse v. Howe*,

521 Pa. 509, 556 A.2d 827 (1989); *Petty v. Suburban General Hospital,* 363 Pa.Super. 277, 525 A.2d 1230 (1987).

There are several means by which this resolution can occur. First, pursuant to Rule 209(a) and (b), the petitioner *must* either "take depositions of disputed issues of fact" or "order the cause for argument on petition and answer." Secondly, if the petitioner chooses to order the cause for argument rather than take depositions, the court *may,* pursuant to Philadelphia County Local Rule of Civil Procedure 140(D), order the parties to proceed as required by Rule 209 where the petition and answer present a factual dispute on material points. And finally, if the petitioner does not take Rule 209 discovery and the court does not order it, the court *must,* under Rule 209, consider as true all responsive allegations of fact in the answer of the petition. *Alford* [366 Pa.Super.] at 515, 531 A.2d at 795.

*Burns v. Pa. Mfrs. Ass'n.,* 417 Pa.Super. 631, 612 A.2d 1379, 1381 (1992).

Instantly, after receiving the appellants' answer, the appellees did not comply with the dictates of Pa.R.C.P. 209 as they neither proceeded to take depositions on the disputed issues of fact nor attempted to order cause for argument on petition and answer even though there were factual disputes on material issues. First, the appellants disputed whether all defendant doctors were residents of Bucks County. Secondly, the appellants disputed the appellees' contention that all of her treatments performed in Bucks County by averring that the bulk of her treatment for the injuries caused by the defendants' alleged negligence occurred in Philadelphia County. Finally, the appellants averred that the doctors who treated her injuries and were potential witnesses at trial were not residents of Bucks County. *See Petty v. Suburban General Hospital,* 363 Pa.Super. 277, 525 A.2d 1230 (1987) (in a medical malpractice action, trial court abused its discretion in granting a motion to transfer for convenience of parties and witnesses where although the facilities at which alleged negligent treatment occurred were outside forum chosen by patient, physicians conducted business in forum chosen by patient and there

was no evidence to support allegations concerning inconvenience of the majority of physicians and other medical personnel who would testify if action were tried in forum chosen by patient). Thus, the trial court was compelled either to direct the taking of depositions on the disputed issues or have deemed the factual averments in the appellants' answer as true before disposing of the appellees' petition to transfer venue to Bucks County. As the trial court failed to follow either of the above courses of action, I would find it erred in summarily ordering the case transferred to Bucks County.

In addition to my disapproval of the methodology employed by the trial court in its approval of the appellees' petition to transfer venue, I also disagree with the trial court's and the majority's failure to consider the thirty-three month interval between the filing of the appellants' complaint and the appellees' petition to transfer venue. I believe that a party's timeliness in filing the petition to transfer venue, the amount of discovery which has been completed in preparing for litigation in the chosen forum, and the status of the case on a trial court's calendar (*i.e.* whether the case is scheduled and ready for trial) are additional considerations which must be factored into the equation. At the federal level such considerations are indeed weighed by the courts when determining whether transfer is appropriate. *See e.g. McGraw-Edison Co. v. Van Pelt,* 350 F.2d 361 (8th Cir.1965) (trial court did not abuse its discretion in denying transfer when motion was not made until five months after the suit was filed); *American Standard, Inc. v. Bendix Corp.,* 487 F.Supp. 254 (W.D.Mo.1980) (delay in moving for a change of venue is a consideration); *Meinerz v. Harding Bros. Oil & Gas Co.,* 343 F.Supp. 681 (D.C.Wis.1972) (nine month delay sufficient to deny petition to transfer); *McFarlin v. Alcoa S.S. Co.,* 210 F.Supp. 793 (D.C.Pa.1962) (when pretrial proceedings had gone on for nearly one year, court did not abuse its discretion in refusing to transfer to another forum).

Recently, in rejecting a trial court's *sua sponte* transfer of a case under the guise of *forum non conveniens,* a panel of this Court recognized that the trial court had ignored the fact that

neither party had, to that point (nearly four years after filing of the complaint), even suggested they were unhappy with the forum and both parties were fully prepared to proceed with trial in the chosen forum. *See Greenfeig v. Seven Springs Farms,* 416 Pa.Super. 580, 611 A.2d 767 (1992) (in the absence of a timely petition from one of the parties, trial court may not transfer a case to a forum deemed more convenient to the transferring court).

Finally, although I am cognizant of the increased congestion in the Philadelphia trial courts (and in other trial courts in our large urban centers), this factor alone should not be viewed as giving trial judges *carte blanche* authority to transfer any case, at any time, which may be as conveniently litigated elsewhere. Indeed, as Justice Musmanno once observed, "If case load is to determine availability of the courts to injured persons, then justice has become a commodity dependent on the size of the courthouse and the number of personnel therein rather than on the intrinsic merit of claims filed by the litigants." *Rini v. New York Central Railroad Company,* 429 Pa. 235, 242, 240 A.2d 372, 376 (1968) (Musmanno, J., dissenting); *see also Greenfeig v. Seven Springs Farms, Inc., supra* 416 Pa.Super. at 586, 611 A.2d at 770 ("Although we certainly recognize the tremendous burdens placed upon our courts by inadequate and unreasonable funding limitations, such circumstances do not provide the basis for a *forum non conveniens* transfer of a case from one county to another, when venue is properly laid in the first county").

The underlying factors supporting the transfer of the instant case, should have been, or were known to exist by appellees within a reasonable time after the filing of the complaint (*i.e.* location of *appellees'* offices, appellants' county of residence, location of fact witnesses, county in which cause of action arose). The thirty-three month delay in seeking the transfer and the trial court's apparent disregard for this factor are further examples of the emphasis trial courts are placing on the congestion in the courts of our large urban centers when granting petitions to transfer. As this Court has cogently observed, a "trial court may not utilize a transfer of

venue merely to control its docket, to preserve judicial resources, or to avoid deciding cases which are properly before it." *Horn v. Erie Insurance Exchange*, 373 Pa.Super. 186, 189–90, 540 A.2d 584, 586 (1988). Therefore I respectfully dissent.