538 A.2d 889

Virginia BROWN, as Administratrix of the Estate of Lawrence Brown and Individually, Joan Brown Spina, John Brown, Thomas R. Brown, Appellants,

v.

The DELAWARE VALLEY TRANSPLANT PROGRAM, Arthur Harrell, Individually and in his Capacity as Transplant Coordinator of the Program, Howard Nathan, Individually and in his Capacity as Executive Director of the Program, Brandywine Hospital, Norman Ledwin, Individually and in his Capacity as President of Brandywine Hospital, James P. Argires, M.D., Individually and in his Capacity as a Staff Member of Brandywine Hospital, Philippe Ouellette, Individually and in his Capacity as Vice President of Brandywine Hospital, Charles R. Wagner, M.D., St. Christopher's Hospital for Children, Samuel Heed, Esquire (Two Cases).

Superior Court of Pennsylvania.

Argued Oct. 28, 1987.

Filed March 8, 1988.

584

Joseph F. Lawless, Jr., Media, for appellants.

George E. Rahn, Jr., Philadelphia, for Brandywine Hosp. and Ledwin, appellees.

Roberta D. Liebenberg, Philadelphia, for Heed, appellee.

Before BECK, CAVANAUGH and HESTER, JJ.

HESTER, Judge:

This is an appeal from orders [1] transferring this tort action from Philadelphia County to Chester County on the ground of forum non conveniens. We hold that the change of venue was a proper exercise of the trial court's discretion, and affirm the orders.

On October 30, 1984, Lawrence Brown was discovered lying on a roadside in Chester County with a gunshot wound in his head. He was transported to Brandywine Hospital in Chester County, where he was placed on life support systems. Hospital personnel determined that he had suffered brain death, and decided to seek permission to use Brown's heart and kidneys for transplantation.

The hospital directed its counsel, Samuel Heed, to prepare a petition requesting a court order granting consent to the extraction of Brown's organs for transplantation. Heed presented the petition to the Chester County Court of Common Pleas, alleging that the identity of Lawrence Brown, identified as "John Doe," was unknown and that the hospital was unable to contact his next-of-kin to obtain consent. Following a hearing, the court granted the petition. With court approval, Brown's heart and kidneys were removed under the auspices of the Delaware Valley Transplant Program.

Representatives of the decedent filed a multi-count complaint against the Delaware Valley Transplant Program and some of its officers, Brandywine Hospital and various officers and staff physicians, and Mr. Heed, counsel for the hospital. The complaint alleged that although the defendants knew the identity of Lawrence Brown, they conspired to obtain court authorization for the removal of his organs in violation of the law, rather than seeking the authorization of his next-of-kin, resulting in extreme emotional distress.

1. The trial court unnecessarily entered two orders on January 22, 1987, both of which transferred the action to the Court of Common Pleas of Chester County. Appellants filed a notice of appeal from each order.

On January 22, 1987, the court granted the defendants' petition to transfer venue to the Court of Common Pleas of Chester County on the ground that Philadelphia was a forum non conveniens. Appellants have appealed the transfer under Pa.R.A.P. 311(c). The sole issue is whether the trial court abused its discretion in ordering the change of venue.

■ Pa.R.C.P. 1006(d) "vests considerable discretion in the trial judge to determine whether to grant a petition for a change of venue. On appeal from such an order, the only issue is whether the trial judge abused his discretion." *Fox v. Pennsylvania Power & Light Co.*, 315 Pa.Super. 79, 81, 461 A.2d 805, 806 (1983), citing *Plum v. Tampax, Inc.*, 399 Pa. 553, 560, 160 A.2d 549, 553 (1960).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*In re Women's Homoeopathic Hospital of Philadelphia*, 393 Pa. 313, 316, 142 A.2d 292, 294 (1958), quoting *Echon v. Pennsylvania R.R. Co.*, 365 Pa. 529, 534, 76 A.2d 175, 178 (1950). The supreme court has described the heavy burden facing the appellant from a discretionary trial court determination: "[I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power." *Mackarus's Estate*, 431 Pa. 585, 596, 246 A.2d 661, 666–67 (1968), quoting *Garrett's Estate*, 335 Pa. 287, 292–93, 6 A.2d 858, 860 (1939). If there is any basis for the trial court's decision, the decision must stand. *Id.*

■ The factors which should be considered by the trial court fall into three categories. First, the plaintiff's choice of forum should be given significant weight. Second, the interests of the parties should be considered, including

relative ease of access to sources of proof, availability of compulsory process for the attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses, possibility of a view of premises, if appropriate, enforceability of a judgment, and any other problem which affects the ease, celerity or expense of the litigation. The third category is the public interest; litigation should not be piled up in congested centers rather than being handled at its origin; jury duty should not be imposed on the people of a community which has no relation to the litigation. *Plum v. Tampax, Inc., supra.*

■ Appellants argue that the trial court gave too little weight to their choice of forum, and incorrectly evaluated the other relevant factors. Appellants argue that alleged inconvenience to the defendants was overrated by the court, inasmuch as the hospital witnesses will be subject to the same impositions always present when a hospital is a defendant. Moreover, the distance from the Chester County Courthouse to Philadelphia City Hall is only thirty-one miles, an impediment appellants argue does not warrant a change of venue. Appellants argue that sources of proof are located throughout four counties, four states and the District of Columbia, and that costs of litigating in either Philadelphia or Chester County are equally balanced; they conclude that no single county emerges as the more convenient forum.

We do not agree with appellants' arguments. The trial court found that: 1) the sources of proof are overwhelmingly located in Chester County; 2) trial of the case in Chester County will work no appreciable inconvenience on any party, whereas litigation in Philadelphia would be extremely inconvenient for the defendants and many witnesses; 3) the case has a much more substantial relationship to Chester County than to Philadelphia; and 4) the public interest in avoiding the administrative difficulties of crowded dockets is served by transfer to Chester County. Each of these findings is supported by the record.

The gunshot victim was discovered in Chester County, the rescue squad, the police officers and the physicians involved in the case are from Chester County, and the hospital where he was treated is in Chester County. The judge who signed the decree is in Chester County, the attorney who appeared before him in Chester County, and the transplant program has an office in Philadelphia, but serves Chester County. The vast majority of witnesses, many of whom perform important medical, judicial, and law enforcement functions, are located in Chester County. Finally, the decedent's personal representative, suing on behalf of Mr. Brown's estate and on her own behalf, is a resident of Chester County, and only one of the four plaintiffs lives in Philadelphia County.

Under the standard of review set forth above, we conclude that the trial court was within its discretion to order the transfer of this case to Chester County. Orders affirmed.