544 A.2d 566

Peter McReynolds, Appellant *v.* Benner Township, James J. Furgison and American Honda Motor Company, Inc., Appellees.

Argued June 14, 1988, before President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Gordon W. Gerber,* with him, *Julie S. Mazza, Dechert, Price & Rhoads,* for appellant.

*Janet W. Mason,* with her, *Joseph Goldberg, Margolis, Edelstein, Scherlis, Sarowitz and Kraemer,* for appellee, Benner Township.

*Susan E. Satkowski,* with her, *Edward A. Gray, George J. Lavin, Jr., Assoc.,* for appellee, American Honda Motor Co., Inc.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 28, 1988:

Peter McReynolds appeals a Philadelphia County Common Pleas Court order granting American Honda

Motor Company's (Honda) petition for a change of venue.[1] Pa. R.C.P. No. 1006(d)(1).[2] We affirm.

McReynolds, a Chester County resident, collided head-on with an automobile while operating his Honda motorcycle. The accident occurred on a Benner Township road in Centre County where McReynolds was then residing. McReynolds filed a complaint against Honda which included separate counts of negligence, strict liability and breach of warranty and against Benner Township for negligent road design.[3] After initial discovery, Honda petitioned for change of venue to Centre County.[4] The common pleas court granted Honda's petition based on *forum non conveniens*.

McReynolds contends that the common pleas court abused its discretion in granting a change of venue because Honda failed to establish that transfer was warranted. We disagree.

Where venue is at issue, the plaintiff's right to choose a forum is not absolute. *Ernest v. Fox Pool Corp.*, 341 Pa. Superior Ct. 71, 75, 491 A.2d 154, 156 (1985). Pa. R.C.P. 1006(d) " 'vests considerable discretion in the trial judge to determine whether to grant a petition for a change of venue. On appeal from such order, the only issue is whether the trial judge abused his

---

[1] Although interlocutory in nature, the order transferring the action to Centre County is appealable as of right pursuant to Pa. R.A.P. 311(c).

[2] Pa. R.C.P. No. 1006(d)(1) states:

> For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

[3] The complaint also named James Furgison, the driver of the other vehicle, as a defendant.

[4] Honda operates its business in the Commonwealth and has its registered office in Philadelphia.

discretion.' " *Brown v. Delaware Valley Transplant Program,* 371 Pa. Superior Ct. 583, 586, 538 A.2d 889, 891 (1988).

Whether the common pleas judge has properly granted venue according to the convenience of the parties and witnesses is guided by various factors. Important considerations include "the relative ease of access to the source of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possible need for a view of the premises . . .; and all other practical problems that make trial of a case expeditious and inexpensive." *Vogel v. National Railroad Passenger Corp.,* 370 Pa. Superior Ct. 315, 318, 536 A.2d 422, 424 (1988). A final but equally important factor is the public interest. This interest includes problems of court congestion and imposing jury duty upon people in a community who have no substantial relation to the litigation. *Brown.*

The thrust of McReynolds' argument is that Honda has not met its burden. He relies on *Petty v. Suburban General Hospital,* 363 Pa. Superior Ct. 277, 525 A.2d 1230 (1987). There, the Superior Court, citing *Koster v. (American) Lumbermens Mutual Casualty Co.,* 330 U.S. 518 (1947), determined that a plaintiff should not be deprived the advantages of a forum choice unless the defendant demonstrates facts that *either* (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience . . . or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems. *Petty,* 363 Pa. Superior Ct. at 281, 525 A.2d at 1232.

We conclude that, under either criterion, the common pleas court did not abuse its discretion. We note that the accident occurred in Centre County—where

McReynolds was then residing. Witnesses who have any knowledge of the actual accident, such as police and rescue personnel, reside in Centre County. The only eyewitness to the accident presently lives in Centre County. McReynolds' injuries were initially treated at a Centre County hospital. Prior maintenance on the alleged defective motorcycle was performed by a Centre County dealership. McReynolds has also brought a negligence action against Benner Township for faulty road design. If the accident site is to be viewed by a jury, this could be done most easily in Centre County.

Taken together, these facts disclose that practically all the sources of proof are located in Centre County. McReynolds argues, however, that Honda must further demonstrate that transferring to Centre County would also be more convenient for him, as plaintiff. *Bowerman v. Tomhave*, 8 Pa. D. & C.3d 556, 559-60 (1978). McReynolds claims that most of his critical witnesses live in the Philadelphia region, and it will be necessary for them to testify as to his rehabilitation process and change of lifestyle since the accident.[5] Although we note that McReynolds denies the materiality and location of Honda's Centre County witnesses,[6] we are not persuad-

---

[5] The record discloses that McReynolds considers testimony of medical rehabilitation personnel, past employers and various friends as critical, indicating his change of life style.

[6] Petition of Defendant Honda Motor Co., Inc., for Change of Venue, para. 9; Plaintiff's Answer to Petition for Change of Venue, para. 9. McReynolds specifically denies the materiality of witnesses named in Honda's petition and denies that the additional defendant Furgison now lives in Centre County. McReynolds also alleges that *his* highway expert, located in Trappe, Pennsylvania, near Philadelphia, is a critical witness. We note, however, that the Pennsylvania courts have held that the residence of an expert witness is not a controlling factor in determining whether a change of venue is proper. *Norman v. Norfolk and Western Railway Co.*, 228 Pa. Superior Ct. 319, 323 A.2d 850 (1974).

ed that this dispute is sufficient to establish that the trial court abused its discretion in transferring the litigation.[7]

Finally, Pa. R.C.P. No. 2103(b) provides that an action against a political subdivision may be brought only in the county in which the political subdivision is located. *Bortulin v. Harley-Davidson Motor Co.*, 115 Pa. Commonwealth Ct. 42, 539 A.2d 906 (1988).

Our Supreme Court has described the heavy burden facing the appellant from a discretionary trial court determination.

'[I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion . . .; it is necessary to go further and show an abuse of the discretionary power.' . . . If there is any basis for the [trial court's] decision, the decision must stand.

*Mackarus Estate*, 431 Pa. 585, 596, 246 A.2d 661, 666-68 (1968) (citation omitted). In this case, the pleadings on the petition for change of venue established sufficient undisputed facts to permit the trial court's exercise of discretion. Having found no abuse of that discretion, we affirm.

ORDER

The Philadelphia County Common Pleas Court order, No. 3628 September Term 1986 dated January 9, 1987, is affirmed.

---

[7] In *Petty v. Suburban General Hospital,* the Superior Court held that the trial court abused its discretion in granting a *forum non conveniens* transfer based on the pleadings and supporting memoranda alone, without any showing of necessity of witnesses, when that issue was disputed by the parties. *But see, Vogel,* where the Superior Court held that the failure to take deposition testimony is neither necessary nor fatal to the trial court's exercise of discretion where there are sufficient undisputed facts to allow the court to make an informed decision.