585 A.2d 608

**In re PAOLI RAILROAD YARD PCB LITIGATION.**

**Appeal of PCB LITIGATION.**

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 1990.

Decided Jan. 11, 1991.

Marguerite R. Goodman, with her, Joseph C. Kohn and Robert L. Binder, Kohn, Savett, Klein & Graf, P.C, and

Arnold E. Cohen, Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, for appellant.

Michael H. Malin, White and Williams, Philadelphia, for appellee.

Robert A. Sutton, Philadelphia, for City of Philadelphia.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Appellants (class-action plaintiffs) appeal an Order of the Philadelphia County Court of Common Pleas granting the Appellees' (defendants) Joint Petition for Transfer of Venue to Chester County pursuant to the doctrine of *forum non conveniens* as provided by Pa.R.C.P. 1006(d)(1).

Class–action plaintiffs, approximately two hundred seventy-three current and former railroad employees and current and former nearby residents, filed civil actions against the defendants, seven corporations, a municipality and an authority, to recover for alleged personal injuries and property damage resulting from exposure to toxic polychlorinated biphenyls (PCBs) at the Paoli Rail Yard (Paoli Yard) in Paoli, Chester County, Pennsylvania. The class-action plaintiffs' actions were originally brought in the Common Pleas Court of Philadelphia County in January of 1988, and were subsequently consolidated as a class action. The defendants removed the actions to the United States District Court for the Eastern District of Pennsylvania. However, the District Court subsequently remanded the cases back to the Philadelphia County Court of Common Pleas.

Defendants then filed a Joint Petition for Change of Venue (Petition) pursuant to Pa. R.C.P. 1006(d)(1) seeking a transfer of venue pursuant to the doctrine of *forum non conveniens.*[1] The trial court held a hearing on this issue

---

1. Pa. R.C.P. 1006(d)(1) provides:
   For the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the appropriate court of any county where the action could originally have been brought.

and granted the class-action plaintiffs' leave to file post-hearing submissions, which they filed on May 15, 1990. On May 16, 1990, the trial court entered an Order granting the Petition and transferring venue to Chester County.[2] The class-action plaintiffs filed an appeal[3] of the trial court's Order transferring venue to this Court pursuant to Pa. R.A.P. 311(c), which allows for an appeal of an interlocutory order transferring venue. Consequently, the Order transferring venue is properly before this Court for our review.

The class-action plaintiffs contend that the trial court abused its discretion in transferring venue to Chester County. They argue that their choice of forum should remain undisturbed given the various factors which compromise the equation in a *forum non conveniens* analysis. The class-action plaintiffs argue that at least forty-three plaintiffs reside in Philadelphia County, and that more plaintiffs reside outside Chester County than within. They also argue that a majority of the defendants, including the City of Philadelphia, as well as the Environmental Protection Agency and the Pennsylvania Department of Environmental Resources, maintain offices within Philadelphia County. The class-action plaintiffs assert that most of the documentation regarding storage, disposal and clean-up of PCBs was generated from Philadelphia offices, and thus, witnesses will be called from these various offices and agencies. Finally, the class-action plaintiffs contend that the trial court's reliance on court congestion cannot alone result in a change of venue.

Defendants contend that the trial court was correct in its decision to transfer the cases to Chester County. Defen-

---

**2.** The class-action plaintiffs contend that the trial court failed to take into consideration their post-hearing submission in entering the Order. The post-hearing submission contained admissions from the various defendants that they did business and had corporate offices in Philadelphia, and that their attorneys also had offices there. A review of the record, particularly the pleadings, the transcript of the hearing and the post-hearing submissions, indicate that the trial court was well aware of these facts when it made its decision to transfer venue.

**3.** The class-action plaintiffs simultaneously filed a Motion for Reconsideration with the trial court which was denied.

dants argue that forty-seven percent of the plaintiffs live in Chester County, more than any other county, and thus, it is more convenient to the plaintiffs. They also argue that since the cause of action and alleged injuries and damages arose at or near the Paoli Yard, and that a view of the site may be necessary, venue is more convenient in Chester County. The defendants further assert that there is an overwhelming public interest favoring transfer, since the Philadelphia County Court of Common Pleas docket is so seriously congested and the county has no substantial relation to the litigation. We agree with the defendants and therefore affirm.

Our courts have emphatically stated that the choice of forum by a plaintiff is entitled to weighty consideration. *Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989); *Walker v. Ohio River Co.,* 416 Pa. 149, 205 A.2d 43 (1964); *Plum v. Tampax Inc.,* 399 Pa. 553, 160 A.2d 549 (1960). However, the plaintiff's right to choose a forum is not absolute, and that "availability of a *forum non conveniens* challenge is a necessary counterbalance to insure fairness and practicality." *Okkerse v. Howe,* 521 Pa. at 518, 556 A.2d at 832; *See also Ernest v. Fox Pool Corp.,* 341 Pa. Superior Ct. 71, 491 A.2d 154 (1985).

Pa.R.C.P. 1006(d)(1) "vests considerable discretion in the trial judge to determine whether to grant a petition for change of venue. On appeal from such an order, the only issue is whether the trial judge abused his discretion." *McReynolds v. Benner Township,* 118 Pa. Commonwealth Ct. 215, 217–218, 544 A.2d 566, 567 (1988); *See also Brown v. Delaware Valley Transplant Program,* 371 Pa. Superior Ct. 583, 586, 538 A.2d 889, 891 (1988); *Fox v. Pennsylvania Power and Light Co.,* 315 Pa. Superior Ct. 79, 81, 461 A.2d 805, 806 (1983). "[I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of discretionary power." *Brown v. Delaware Valley Transportation Program,* 371 Pa. Superior Ct. at

586, 538 A.2d at 891, quoting *Mackarus's Estate,* 431 Pa. 585, 596, 246 A.2d 661, 666–67 (1968); *See also McReynolds v. Benner Township.*

Although the standard of review is one of discretion, "if the trial court has not held the defendant to the proper burden or has clearly erred in weighing the factors to be considered, the equivalent of an abuse of discretion has been demonstrated." *Korn v. Marvin Fives Food Equipment,* 362 Pa. Superior Ct. 559, 564, 524 A.2d 1380, 1383 (1987); Moreover, "[a] change in venue is not granted lightly or without real necessity' and the applicant bears the burden of proving that the change of venue is necessary." *Korn v. Marvin Fives Food Equipment,* 362 Pa. Superior Ct. at 565, 524 A.2d at 1383; *See also Pennsylvania Power and Light v. Gulf Oil,* 270 Pa. Superior Ct. 514, 529, 411 A.2d 1203, 1211 (1979), *cert. denied,* 446 U.S. 966, 100 S.Ct. 2943, 64 L.Ed.2d 825 (1980).

In determining whether to transfer venue, the trial court should consider three categories of factors. "First, the plaintiff's choice of forum should be given significant weight. Second, the interests of the parties should be considered, including relative ease of access to sources of proof, availability of compulsory process for the attendance of unwilling witnesses, cost of obtaining attendance of willing witnesses, possibility of a view of premises, if appropriate, enforceability of a judgment, and any other problem which affects the ease, celerity or expense of the litigation. The third category is the public interest; litigation should not be piled up in congested centers rather than being handled at its origin; jury duty should not be imposed on the people of the community which has no relation to the litigation." *Brown v. Delaware Valley Transplant Program,* 371 Pa. Superior Ct. at 586–587, 538 A.2d at 891; *See also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Okkerse v. Howe; Plum v. Tampax Inc.; McReynolds v. Benner Township; Korn v. Marvin Fives Food Equipment.*

Furthermore, before a court can transfer a case under the doctrine of *forum non conveniens*, it must "find that the transfer is more convenient for *both* parties to the action or for the witnesses." *Okkerse v. Howe,* 521 Pa. at 519, 556 A.2d at 832; *Nicolosi v. Fittin,* 434 Pa. 133, 135, 252 A.2d 700, 701 (1969). (emphasis in original).

The trial court, in its Opinion, stated that "[t]he relative interests of the parties, such as ease of access, etc., are evenly balanced.... Both sides have asserted the interest of the parties in support of their respective positions. The arguments pro and con basically counter balance each other." (Reproduced Record (R.R.) pp. 1055–1056). The trial court went on to state that "[t]he compelling reason for the transfer, which overrides the plaintiffs' right to choose the forum, is the present condition of the Philadelphia court system. It is extremely overburdened. This situation, coupled with the fact that the cause of action arose in Chester County, the railroad yard is located there and the vast majority of the plaintiffs, 47%, are residents of Chester County, tilts the scale in favor of transfer." (R.R. p. 1056).

A review of the record, including the trial court's Opinion and the transcript of the May 7, 1990 hearing on the Petition, indicates that the trial court properly considered all relevant factors in determining whether to grant a change of venue. The trial court found that service of process, access to proof and cost of litigation would be approximately the same regardless of the county. (R.R. p. 1056). The trial court found, however, that forty-seven percent of the plaintiffs reside in Chester County, compared to only nineteen percent who reside in Philadelphia County, making it more convenient for the plaintiffs if the case were tried in Chester County. (R.R. pp. 1056–1057). The trial court also found that the site of the Paoli Yard in Chester County, where the cause of action allegedly occurred, weighed in favor of transfer. (R.R. p. 1056).

The trial court also properly took into consideration the strong public interest of avoiding court congestion by transferring the action to the place of its origin. The trial court

stated that Chester County's civil trial list consists of approximately one hundred and seventy cases, whereas Philadelphia County's trial list totals over 45,000. The court averred that the time for disposition of a jury trial in Philadelphia would range from four to five and one half years. (R.R. pp. 1054–1055). The court found that the Philadelphia County Court of Common Pleas docket was so seriously overcrowded that the public interest weighed heavily in favor of transfer.[4] (R.R. pp. 1055–1057).

The public has a strong interest in transferring a case to relieve court congestion where the case has an origin in another county and where a majority of the plaintiffs reside in that other county. Here, Philadelphia County has no substantial relation to the cause of action. The alleged exposure to PCBs occurred at the Paoli Yard in Chester County, the alleged liable acts of the defendants took place there, and a majority of the plaintiffs live there. Thus, transfer to Chester County would be permissible under the doctrine of *forum non conveniens.* Therefore, under the standard of review set forth above, we conclude that the trial court did not abuse its discretion in ordering the transfer of this case to Chester County.[5]

Accordingly, we will affirm the Order of the trial court.

## ORDER

AND NOW, this 11th day of January, 1991, the Order of the Philadelphia County Court of Common Pleas dated May 16, 1990, is affirmed.

**4.** Although there is evidence of record supporting overcrowding, the trial court can determine, even without supporting evidence, such matters of public interest as the possibility of court congestion. *Alford v. Philadelphia Coca–Cola Bottling,* 366 Pa. Superior Ct. 510, 515, 531 A.2d 792, 795 (1987).

**5.** We note that venue is proper in Chester County as to defendant City of Philadelphia, since a municipality may be sued in the county where the cause of action took place. Section 333 of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, *as amended,* 42 P.S. § 20043.