## Anhert v. Rank America Inc.

*Samuel W. Newman,* for plaintiffs.
*Judah I. Labovitz,* for plaintiff Green Pen Inc.
*John P. Lawler,* for defendants.

O'BRIEN, *J.,* August 26, 1991—In March 1988 plaintiffs, Henry A. Ahnert Jr. et al, entered into an acquisition and escrow agreement whereby defendants Rank America Inc. and Rank-Ahnert Inc.

agreed to purchase certain companies owned by plaintiffs. In the acquisition agreement, plaintiffs represented and warranted to defendant Rank, inter alia, that the business of the companies had been carried on in accordance with all applicable federal and state laws and that all pending or outstanding claims had been disclosed. Plaintiffs also agreed to indemnify defendants for any loss or damage defendants suffered as a result of any breach of the acquisition agreement or any inaccuracy in any of the representations or warranties.

On March 8, 1991, defendants sent plaintiffs notice pursuant to a provision of the acquisition agreement that defendants were seeking indemnification in connection with five claims. One of those claims was a proceeding brought by the Maryland attorney general under the Maryland Consumer Fraud Act arising out of certain marketing practices that one of the companies had engaged in prior to closing which had not been disclosed. Subsequently, in July 1990, the Rank defendants and the plaintiffs entered into a settlement agreement resolving all claims mentioned in the March 8, 1990, notice upon payment of $640,842.

On March 18, 1991, defendants sent plaintiffs a notice declaring the settlement agreement null and void as to the Maryland proceeding and reinstating Rank's demand for indemnification. This second notification averred that the nature and magnitude of the Maryland proceeding and defendants' potential liability were considerably greater than plaintiffs had informed defendants at the time the settlement agreement was executed. (A copy of the March 18, 1991, notice is attached as exhibit B-2 to the complaint.) [Not reprinted in this volume.] Thereafter, on May 2, 1991, plaintiffs filed this action seeking a declaratory judgment that the settlement agreement

is valid. Defendants filed preliminary objections to the complaint asserting that this action should be heard in Philadelphia County pursuant to a forum selection clause in the acquisition agreement. Following the submission of briefs and oral argument the matter is now before us for disposition.

Pa.R.C.P. 1006(b) provides that actions against corporations and similar entities may be brought only in the counties authorized by Pa.R.C.P. 2179, which provides:

"(1) [T]he county where its registered office or principal place of business is located; (2) a county where it regularly conducts business; (3) the county where the cause of action arose; or (4) the county where a transaction or occurrence took place out of which the cause of action arose." Pa.R.C.P. 2179(a).

Clearly, pursuant to the foregoing rule, Monroe County is a proper venue for this cause of action. Defendant Rank is headquartered and regularly conducts business in Monroe County. The settlement agreement was executed in Monroe County and the notices of reinstatement of claim which gave rise to this action were sent to plaintiffs in Monroe County. Finally, all of the individual plaintiffs and principal witnesses for both parties are in Monroe County.

Defendants' contention that Philadelphia County is the proper situs for this action rests upon the following provision of the acquisition agreement:

"The parties hereby irrevocably consent and submit to the exclusive jurisdiction of any Pennsylvania state court or federal court sitting in the county of [Philadelphia], Pennsylvania, over any suit, action or proceeding which arises out of or relates in any [sic] to this agreement . . . . The parties hereby waive the right to contest the jurisdiction and venue

of the said courts located in Philadelphia, Pennsylvania on the grounds of inconvenience."

Our Supreme Court has held that while private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation. *Central Contracting Co. v. C.E. Youngdahl & Co.,* 418 Pa. 122, 209 A.2d 810 (1965). Such an agreement is unreasonable only where its enforcement would, under all circumstances existing at the time of litigation, seriously impair plaintiff's ability to pursue their cause of action. *Id.*

All counsel acknowledged at argument that in view of Philadelphia's well publicized court congestion and delay, it would be several years before this civil proceeding would reach trial. Therefore, we conclude the choice of forum provision to be unreasonable since it would seriously impair plaintiffs' ability to pursue their cause of action. Further, we note that only the acquisition agreement, not the settlement agreement, contains a "forum selection clause" making it unclear whether the parties specifically desired disputes arising from the settlement agreement to be litigated in Philadelphia County. Moreover, the acquisition agreement fails to articulate the reasoning behind the parties' choice of Philadelphia as an appropriate forum. Indeed, the choice of Philadelphia County is peculiar, given the lack of any apparent connection or contact of both plaintiffs and defendants with that county. On its face the provision appears to be simply a boilerplate stipulation strictly for the benefit of Philadelphia counsel who prepared the settlement agreement.

Since our Rules of Civil Procedure are geared toward the convenience of the parties, not their attorneys, such "convenience of counsel" provisions are prima facie unreasonable and disfavored in the law.

We are also guided by the well-settled principle that a plaintiff's choice of forum is entitled to significant weight and should rarely be disturbed, with the defendants bearing the burden of demonstrating the grounds for a venue change. *Brown v. Del-Val Transplant Program,* 371 Pa. Super. 583, 538 A.2d 889 (1988); *Petty v. Suburban General Hospital,* 363 Pa. Super. 277, 525 A.2d 1230 (1987). In deciding whether a change of venue is appropriate, a court should consider those elements which affect the private interests of litigants, including the relative ease of access to sources of proof, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, and all other practical issues that make trial of the case expeditious and inexpensive. *Vogel v. National Railroad Passenger Corp.,* 370 Pa. Super. 315, 536 A.2d 422 (1988). The public-interest factor delineated by our Commonwealth Court in *McReynolds v. Benner Township,* 118 Pa. Commw. 215, 544 A.2d 566 (1988), dictates that a case shall not be tried in a community which has no contact with the litigants. Practical considerations, as opposed to purely legal, are of paramount importance in determining which forum is most convenient. *Morris v. Stassen,* 20 Chester L. Rep. 178 (1972). In the case at bar, we have noted the connection of plaintiffs, defendants, and the cause of action to Monroe County. Defendants have not demonstrated, nor do we find, any compelling reason for this court to disturb plaintiffs' choice of forum.

## ORDER

And now, August 26, 1991, it is ordered as follows:

(1) Defendants' preliminary objections in the nature of a petition raising a question of venue are denied.

(2) Defendants are granted 20 days within which to file an answer to plaintiffs' complaint.