**Robinson v. Madden Law Firm, P.C.**

*Erik T. Robinson,* pro se.

*Paul C. Troy,* for defendant.

TERESHKO, *J.*, December 1, 2010—

## PROCEDURAL HISTORY

Plaintiff appeals this court's order dated July 2, 2010, granting defendant Madden Law Firm's preliminary objections dismissing plaintiff's complaint.

## FACTUAL BACKGROUND

Prior to commencing the action that is the subject of this appeal, on April 16, 2008, plaintiff Erik Robinson filed a complaint against Ameritoner.com, citing violations of the Federal Junk Fax Prevention Action (FJFPA), 47 U.S.C. §227(b)(1)(C) because of junk faxes he was allegedly receiving at his place of employment, University of Pennsylvania (complaint, ¶6-7). A default judgment was entered for plaintiff on August 11, 2009. (Complaint, ¶7). On October 21, 2009, Attorney Waverly Madden, through her law firm, Madden Law Firm, P.C., filed a petition to open the default judgment on behalf of Fiducia, Inc. d/b/a Toner Dome, Inc. (TDI), a cross-claimant in the FJFPA action. (Defendants' preliminary objections, ¶3)[1] Fiducia, Inc.'s basis for opening the default judgment was that it had never received notice of the complaint. (Defendants' preliminary objections, ¶6)

On December 31, 2009, Honorable Esther Sylvester granted defendant Fiducia's motion to open the default judgment as to Ameritoner.com and also permitted Fiducia

---

1. A review of the docket in this case does not indicate when Ms. Madden entered her appearance.

(cross-claimant) to file an answer to plaintiff's complaint. On April 1, 2010, Ms. Madden was permitted by leave of court to withdraw as attorney for Fiducia. Litigation of this case continues in this court.[2]

Plaintiff thereafter commenced this action against defendant, Madden Law Firm, P.C., by filing his complaint on May 11, 2010. Plaintiff alleged that Ms. Madden d/b/a Madden Law Firm, P.C. made falsified statements about him in court filings and defamed plaintiff to his former employer, the University of Pennsylvania, as well as to the police in violation of 42 Pa. C.S. §§ 8341-8345 and 42 Pa. C.S.A. §8355. (Complaint, ¶8-11)

On June 7, 2010, defendant filed preliminary objections to plaintiff's complaint under Pa.R.C.P. 1028(a)(4) for legal insufficiency of a pleading. (Defendants' preliminary objections, ¶24) Defendant alleged plaintiff could not meet the standard for defamation under the Uniform Single Publication Act, 42 Pa. C.S. §§ 8341-8345 because: 1) plaintiff's complaint failed to allege acts of malice or negligence committed by the defendant as required under 42 Pa. C.S.A. §8344; 2) none of the alleged defamatory communications were published by defendant; and 3) any statements defendant made in court filings were considered privileged communications. (Defendants' preliminary objections, ¶26-29) Furthermore, defendant argued plaintiff's claim for the making of falsified court filings under Pa. C.S.A. § 8355 should be dismissed because the statute had been suspended absolutely and replaced with

---

2. *Robinson v. Ameritoner.com,* April Term, 2008, No. 1654.

Pa. R.C.P. 1023.1. (Defendants' preliminary objections, ¶35-36)

On June 10, 2010, plaintiff filed his response to defendant's preliminary objections, withdrawing his claim under 42 Pa. C.S.A. § 8355, but maintaining that he could meet the requirements for a defamation cause of action under the Uniform Single Publication Act, 42 Pa. C.S. §§ 8341-8345. (Plaintiff's response to defendant's preliminary objection, ¶26-38)

On June 18, 2010, defendant filed a reply memorandum of law to plaintiff's response in opposition to preliminary objections. Plaintiff then filed a motion to amend the complaint under Pa.R.C.P. 1033 on June 21, 2010 in which he sought to withdraw his claim under suspended statute, 42 Pa. C.S.A. § 8355. (Plaintiff's motion to amend the complaint, pg. 1) Plaintiff attached his proposed amended complaint to his motion.

By order dated July 2, 2010, this court granted defendant, Madden Law Firm's preliminary objections and denied plaintiff's motion to amend the complaint.

On July 6, 2010, plaintiff filed his notice of appeal from the July 2, 2010 order and subsequently issued his 1925 statement of errors alleged on appeal.

The issues before this court are:

Whether this court committed an error of law in denying plaintiff's motion to amend the complaint where the amended complaint did not correct the fatal errors of

the original complaint.

Whether this court committed an error of law or abused its discretion in and granting defendant's preliminary objections for legal insufficiency of pleading pursuant to Pa.R.C.P. 1028(a)(4), where plaintiff's pleadings failed to prove that he was entitled to recover for defamation under 42 Pa.C.S.A.§§8341-8345.

## LEGAL ANALYSIS

A preliminary objection in the nature of a demurrer tests the legal sufficiency of the plaintiff's complaint. *Smith v. Wagner*, 588 A.2d. 1308 (Pa. Super. 1990). The standard of review in granting preliminary objections is that "all material facts set forth in the complaint, as well as all inferences reasonably deductible therefrom, are admitted as true." *Youndt v. First Nat'l Bank*, 868 A.2d 539, 542 (Pa. Super. 2005). "A preliminary objection in the nature of a demurrer must be sustained where it is clear and free from doubt that the law will not permit recovery under the facts alleged." *Petsinger v. Dept. of Labor & Indus.*, 988 A.2d 748, 753 (Pa. Cmwlth. 2010) (citing *Africa v. Horn*, 701 A.2d 273 (Pa. Cmwlth.1997)).

In Pennsylvania, the trial court is vested with broad discretion to determine whether or not to allow an amendment to the pleadings. *Geiman v. Board of Assessment and Revision of Taxes*, 412 Pa. 608, 614, 195 A.2d 352, 355-56 (Pa. 1963). Provided that the trial court's decision to grant or deny an amendment is not a clear abuse of discretion in light of the record, it will not

be overturned. *Daley v. John Wanamaker, Inc.*, 464 A.2d 355, 361 (Pa. Super. 1983).

The Supreme Court has described the heavy burden facing an appellant from a discretionary trial court determination: "[I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power." *Id.* (citing *Mackarus's Estate*, 431 Pa. 585, 596, 246 A.2d 661,666-67 (Pa. 1968). If there is any basis for the trial court's decision, the decision must stand.

*Brown v. Delaware Valley Transplant Program*, 371 Pa. Super. 583, 587, 538 A.2d 889, 891 (Pa. Super. 1988).

An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused. *Brown*, 538 A.2d at 891.

On appeal, plaintiff contends that this court erred in denying his motion to amend the complaint pursuant to 1028(c)(1) and by failing to declare defendant's preliminary objections moot after receipt of the motion to amend the complaint. Plaintiff further argues that this court should have granted the motion to amend the complaint without evaluating the merits thereof.

Pennsylvania Rule of Civil Procedure 1028(c)(1)

establishes the right of a party to file an amending pleading as of course:

A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections. If a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot.

Pursuant to the Pa.R.C.P. 1028(c)(1), plaintiff filed a response to the preliminary objections. In addition, plaintiff also petitioned this court for leave to file an amended complaint.

Pennsylvania Rule of Civil Procedure 1033 states that leave to file an amended pleading must be done by either consent of the adverse party or by obtaining leave of court.

The right of a party to file an amended pleading is subject to the discretion of the trial court as set forth in Pa.R.C.P.1033. *Stempler v. Frankford Trust Co.*, 311-12, 529 A.2d 521, 524 (Pa. Super. 1987).

Plaintiff did not comply with the requirements set forth in Pa.R.C.P. 1028(c)(1) allowing him to file an amended complaint without obtaining leave of court. Instead, plaintiff filed a motion requesting leave to amend the complaint within the 20-day response period. Because plaintiff chose to seek leave to amend his complaint by moving this court to grant him permission to do so, he waived applicability of Pa.R.C.P. 1028(c)(1), and the submission of an amended complaint fell within the

discretion of this court pursuant to Pa.R.C.P. 1033.

Despite plaintiff's error, this court reviewed the motion to amend the complaint and the proposed amended complaint to determine if the amended complaint had cured the problems that plagued his original complaint. (Order 7/2/10, pg.1)

"Where the initial pleading reveals that the complaint's defects are so substantial that amendment is not likely to cure them, and that the prima facie elements of the claim or claims asserted will not be established, the right to amend is properly withheld." *Feingold v. Hill*, 521 A.2d 33 (Pa. Super. 1987). Where an amendment would be futile, judicial efficiency requires that the amendment be properly denied. *Id.*

In this case, the purpose of plaintiff's amendment was to withdraw his claim for falsification of court filings under suspended statute 42 Pa. C.S.A. § 8355. (Plaintiff's motion to Submit amended complaint, pg. 1) When comparing both submissions, this court found that the amended complaint was the same as the original complaint except for the removal of certain claimed damages under a repealed statute (42 Pa.C.S.A. §8355). The amended complaint, had this court permitted it to be filed, would not have cured the fatal defects that plagued the defamation claim in original complaint. Therefore, the court denied plaintiff's motion to amend. Had plaintiff filed the amended complaint attached to his motion to amend, it would have contained the same fatal errors which were the subject of defendant's preliminary objections that were granted by

this court.

This court examined the defendant's preliminary objections based on legal insufficiency of pleading pursuant to Pa.R.C.P. 1028(a)(4) and the responses thereto.

Under Pennsylvania's Uniform Single Publication Act, 42 Pa. C.S. §§ 8341-8345, a plaintiff claiming defamation has the burden of proving:

1) the defamatory nature of the alleged communication(s);

2) the publication of the communication(s) by the defendant;

3) the application of the communication to the plaintiff;

4) the recipient's understanding of the communication's meaning;

5) the recipient's understanding that the communication is intended to be applied to plaintiff;

6) special harm resulting to the plaintiff; and,

7) abuse of a conditionally privileged occasion.

According to caselaw, "A communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Maier v. Maretti*, 671 A.2d 701, 704 (Pa. Super. 1995). See also *Rybas v. Wapner*, 457 A.2d 108 (Pa. Super. 1983). In

determining whether or not the communication at issue is capable of a defamatory meaning, the court must consider such factors as, the likely effect of the communication on average recipients, taking into account their knowledge and expertise, and the nature of the audience. *Id.* at 282-83, 704.

Plaintiff's complaint alleges that Ms. Madden d/b/a Madden Law Firm, P.C. defamed him by contacting his former employer, the University of Pennsylvania, and threatening the University with litigation unless plaintiff was terminated. Plaintiff was indeed terminated from his position. Plaintiff alleges his termination was as a result of these communications, but does not allege any facts in support thereof. The case of *Maier v. Maretti*, describes a similar course of events. *Maier*, 671 A.2d at 704. In that case, the court concluded that the communication from appellant's immediate supervisor to her branch manager that appellant was crude, vulgar and insubordinate did not relate to appellant's fitness for employment, nor did it affect her opportunity to be hired for a similar position elsewhere; therefore, it was not defamatory, even though appellant was fired immediately after the statement was attributed to her. See *Maier v. Maretti*, 448 Pa. Super. 276, 671 A.2d. 701 (Pa. Super. 1995).

In this case, plaintiff does not suggest that the alleged defamatory communications hindered his ability to gain employment following his termination.

Because plaintiff has not alleged any facts that demonstrate that the communications by Ms. Madden

either harmed his reputation in the community or caused his employer to believe he was unfit for his position. Therefore, the communications cannot be considered defamatory.

In *Rose v. Constantino*, 766 A.2d 1265 (Pa. Super. 2001), the Superior Court found that a complaint was properly dismissed for failure to state a claim when statements made to an employer were incapable of defamatory meaning. A faculty member and chairperson at a nursing school wrote a letters to the dean of the nursing school advising the dean that plaintiff was unfit for her job. *Id.* In affirming the trial court, the Superior Court found that the letters were not capable of defamatory meaning because the communications were directed to a particular audience whose professional duties included evaluating university employees' performance and assessing their merit as teachers; and therefore, this audience would have been less likely than the general public to be affected by any derogatory inference in the letters. *Id.* (citing *Beckman v. Dunn*, 419 A.2d 583, 586 (Pa. Super. 1980).

In this case, the communications from defendant were directed to the University of Pennsylvania and involved plaintiff's conduct while he was an employee for University of Pennsylvania. Plaintiff's employers in this case were also responsible for determining his fitness as an employee. The facts that gave rise to this action also occurred at plaintiff's place of work -- where he was allegedly receiving the junk faxes. Thus, defendant's communications to the University of Pennsylvania were

not considered defamatory.

Plaintiff argues that defendant defamed him by filing criminal charges against him for harassment. In direct contradiction to plaintiff's accusations, plaintiff states in his complaint that he was never contacted by the police about any charges allegedly filed by Ms. Madden. Thus, he cannot substantiate any element of 42 Pa. C.S. §§ 8341-8345 as to these facts. Additionally, if defendant had contacted police and filed a police report, this would be a privileged communication. *Pawlowski v. Smorto*, 588 A.2d 36 (Pa. Super. 1991). Statements made solely to law enforcement officials in which an accusation of a crime is made for the purpose of inducing those officials to bring criminal charges against the accused are absolutely privileged. *Id.* at 81-82.

In addition to allegations of false and derogatory statements made to plaintiff's employer and to the police, plaintiff also argues that defendant made false and derogatory statements about the plaintiff in public court filings. (complaint, ¶11). Statements set forth in pleadings are privileged. As stated in *Greenberg v. Aetna Insurance Company*:

When alleged libelous or defamatory matters, or statements, or allegations and averments in pleadings or in the trial or argument of a case are pertinent, relevant and material to any issue in a civil suit, there is no civil liability for making any of them. Moreover, if questioned or challenged by the opposite party, all reasonable doubts (if any) should be resolved in favor

of relevancy and pertinency and materiality. 427 Pa. 511, 514-15, 235 A.2d 576, 577-78(Pa. 1967).

Because the privilege acts as an absolute bar to libel actions arising out of statements contained in pleadings, it extends so far as to permit statements made falsely or maliciously and without reasonable and probable cause. *Id.* The privilege exists in light of public policy considerations, promoting unhindered communications in judicial proceedings without fear of consequences. *Id.* at 516, 578. The privilege is necessary for the administration of justice, even if it may sometimes be abused. *Id.* Thus, the communications to plaintiff's employer, the police and the courts are privileged communications not actionable under the prevalent caselaw.

Plaintiff has not set forth any facts in his pleadings explaining how the communications, which were directed to plaintiff's former employer, the police and the courts, constitute a publication in light of the limited audience to which each communication was allegedly made. Further, plaintiff fails to set forth evidence indicating that members of the community were deterred from associating with him as a result of the alleged publication of defamatory communications.

## CONCLUSION

For the foregoing reasons, this court respectfully requests that its decision to grant defendant Madden Law Firm's preliminary objections to the complaint of Erik T. Robinson be affirmed.