**Hinchey v. University of Pennsylvania Health System**

*Thomas M. Hinchey*, for appellant

*Kathleen Kramer, Michelle Irene Moses* and *Jennifer Prettyman Reno*, for appellee University of Pennsylvania Health System

TERESHKO, *J.*, April 24, 2013—

PROCEDURAL HISTORY

Plaintiff, Kathryn Hinchey appeals from this court's order entered September 10, 2012 sustaining defendants University of Pennsylvania Health Systems, Trustees of the University of Pennsylvania and/or Staff Physician/or Circulating Nurse/or Staff Nurse/or Personnel/or Transport Personnel at Hospital of the University of Pennsylvania's preliminary objections, thereby dismissing plaintiff's complaint.

## FACTUAL BACKGROUND

Plaintiff commenced this action for negligent infliction of emotional distress by writ of summons on April 16, 2012. (*See* docket). Plaintiff alleges that the University of Pennsylvania Health Systems, Trustees of the University of Pennsylvania and/or Staff Physician/or Circulating Nurse/or Staff Nurse/or Personnel/or Transport Personnel at Hospital of the University of Pennsylvania (hereinafter "defendants") were negligent by allowing her father, Brian Hinchey, to fall from the operating table at the University of Pennsylvania while he was undergoing surgery for placement of an IVC filter on April 17, 2010. (Plaintiff's complaint, ¶¶ 23-27). Brian Hinchey had recently suffered a massive right MCA stroke with uncal herniation and was assessed as a fall risk. (Complaint, ¶¶ 20, 23). Brian Hinchey sustained impact to his left face and extremities and a laceration to his left forehead. (Complaint, ¶¶ 27, 30).

Plaintiff, Kathryn Hinchey was not present in the operating room when her father fell from the operating table. Plaintiff asserts that she was however present when her father was brought in with fresh injuries and

when defendants delayed treating the laceration to Brian Hinchey's left forehead. (Complaint, ¶¶ 31, 33).

Plaintiff filed her complaint on July 13, 2012. (*See* docket). Defendants filed preliminary objections to plaintiff's complaint on August 1, 2012. (*See* docket). Plaintiff filed an answer in opposition to defendants' preliminary objections on August 21, 2012. (*See* docket). On September 10, 2012, this court entered an order sustaining defendants' preliminary objections and striking plaintiff's claims for negligent infliction of emotional distress contained in count I of her complaint with prejudice. (*See* docket).

On October 10, 2012, plaintiff appealed this court's September 10, 2012 order. (*See* docket). This court ordered plaintiff to file her concise statement of matters complained of on appeal on November 5, 2012, and plaintiff complied on November 28, 2012. (*See* docket). The issue on appeal is whether this court erred by sustaining defendants' preliminary objections to plaintiff's complaint where plaintiff could not support a claim of negligent infliction of emotional distress because she did not have a "special relationship" with defendants, nor did she witness the traumatic event.

## LEGAL ANALYSIS

A preliminary objection in the nature of a demurrer tests the legal sufficiency of the plaintiff's complaint. *Smith v. Wagner*, 403 Pa. Super. 316, 320, 588 A.2d. 1308, 1310 (1990). The standard of review in granting preliminary objections is that "all material facts set forth in the complaint, as well as all inferences reasonably deducible

therefrom, are admitted as true." *Youndt v. First Nat'l Bank*, 2005 Pa. Super. 42, P2, 868 A.2d 539, 542 (2005). "A preliminary objection in the nature of a demurrer must be sustained where it is clear and free from doubt that the law will not permit recovery under the facts alleged." *Petsinger v. Dept. of Labor & Indus.*, 988 A.2d 748, 753 (Pa.Commw. Ct. 2010) (citing *Africa v. Horn*, 701 A.2d 273 (Pa.Commw. Ct. 1997)).

The Supreme Court has described the heavy burden facing an appellant from a discretionary trial court determination: "[I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power." *In re Estate of Mackarus*, 431 Pa. 585, 596, 246 A.2d 661, 666-67 (1968). An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused. *Brown v. Delaware Valley Transplant Program*, 371 Pa. Super. 583, 586, 538 A.2d 889, 891 (1988). If there is any basis for the trial court's decision, the decision must stand. *Id.*

Pennsylvania Rule of Civil Procedure 1028(a)(4) establishes the right of a party to file preliminary objections to any pleading on the grounds of legal insufficiency. On appeal, plaintiff contends that this court erred when it concluded that plaintiff could not support a claim of negligent infliction of emotional distress and thus

sustained defendants' preliminary objections.

In Pennsylvania, a claim of negligent infliction of emotional distress is limited to four factual scenarios, which are as follows:

(1) defendant had a contractual or fiduciary duty to plaintiff;

(2) plaintiff suffered a physical impact;

(3) plaintiff was in a "zone of danger" and at risk of an immediate physical injury; or

(4) plaintiff had a contemporaneous perception of tortious injury to a close relative.

*Doe v. Philadelphia Community Health Alternatives AIDS Task Force*, 2000 Pa. Super. 6, 7, 745 A.2d 25, 27-28 (2000).

In addition to setting forth facts supporting one of these four scenarios, plaintiff must prove *immediate* and *substantial* physical harm resulting from defendant's negligence. *Id.* at 7, 28 (emphasis in original). "Symptoms of severe depression, nightmares, stress and anxiety, requiring psychological treatment, and...ongoing mental, physical and emotional harm" have been deemed sufficient physical manifestations of emotional suffering to sustain a cause of action. *Armstrong v. Paoli Memorial Hospital*, 430 Pa. Super. 36, 45, 633 A.2d 605, 609 (1993) *citing Love v. Cramer*, 414 Pa. Super. 231, 606 A.2d 1175 (1992). Finally, the harm suffered by plaintiff must be reasonably foreseeable. *Armstrong v. Paoli Memorial Hospital*, 430 Pa. Super. 36, 43, 633 A.2d 605, 608 (1993).

Plaintiff alleges in her statement of matters complained of on appeal that she provided sufficient factual support for a claim of NIED under either factual scenario one (fiduciary duty owed to plaintiff) or four (contemporaneous perception of injury to a close relative.)

In *Toney v. Chester County Hospital*, relied upon by plaintiff, an evenly divided Supreme Court[1] clarified NIED liability on the basis of a contractual or fiduciary duty, holding that "NIED is not available in garden-variety 'breach of contractual or fiduciary duty' cases, but only in those cases where there exists a *special relationship* where it is foreseeable that a breach of the relevant duty would result in emotional harm so extreme that a reasonable person should not be expected to endure the resulting distress. 36 A.3d 83, 84-85 (2011)(emphasis added).

The court also "[found] it prudent to limit the reach of this NIED claim to preexisting relationships involving duties that obviously and objectively hold the potential of deep emotional harm in the event of breach.... [T]he special relationships must encompass an implied duty to care for the plaintiff's emotional well-being." *Id.* While not defining each and every relationship that would qualify, the court stated, "[n]onetheless, we would hold that some relationships, including some doctor-patient relationships, will involve an implied duty to care for the plaintiff's emotional well-being that, if breached, has the potential to cause emotional distress resulting in physical harm." *Id.* In addition to establishing the existence of a special relationship, plaintiffs alleging NIED on the basis

---

1. Citations from *Toney* throughout this opinion taken from Justice Baer's opinion in support of affirmance

of a contractual or fiduciary duty must set forth facts supporting the standard elements of a negligence claim: duty, breach, causation and damages. *Id.* at 95.

In the case at hand, plaintiff has not established a special relationship with defendants that would enable her claim for NIED to survive preliminary objections. plaintiff has not offered any explanation of what duty defendants owed to her, nor how defendants breached that duty. Plaintiff's complaint is legally insufficient to establish that defendants failed to deal with her on equal terms, offered her advice to her detriment, or used their position to harm plaintiff. In the instant matter, if a special relationship existed, it was between defendants and plaintiff's father. Therefore, plaintiff cannot sustain a claim for NIED based upon a special relationship with defendants.

Second, plaintiff contends that she can recover for NIED under the theory of "tortious injury to a close relative." However, under *Sinn v. Burd,* recovery is only permitted where emotional distress occurs as a result of a contemporaneous observation of a defendant's negligent act, and plaintiff here admits in her complaint that she did not witness the negligence resulting in injury to her father. 486 Pa. 146, 404 A.2d 672 (1979).

The Superior Court in *Sinn v. Burd* abandoned the "zone of danger" theory in favor of a foreseeability test. 486 Pa. 146, 173, 404 A.2d 672, 686 (1979). *Sinn* set forth three factors to determine whether plaintiff's emotional distress was reasonably foreseeable:

1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance

away from it.

2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence.

3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*Id.* at 170, 685.

Factor two, the contemporaneous observance requirement is at issue in the instant matter. The Supreme Court "has consistently denied recovery when the plaintiff has not witnessed the actual accident in which the close relative was involved." *Friend v. Saldana*, 1995 Pa. Dist. & Cnty. Dec. LEXIS 211, P13, 23 Pa. D.&C. 4th 316, 325 (1995). In describing the purpose of the contemporaneous perception requirement, the court in *Bloom v. DuBois Medical Center* stated,

We believe that where the close relative is not present at the scene of the accident, but instead learns of the accident from a third party, the close relative's prior knowledge of the injury to the victim serves as a buffer against the full impact of observing the accident scene. By contrast, the relative who contemporaneously observes the tortious conduct has no time span in which to brace his or her emotional system.... Hence, the critical element for establishing such liability is the contemporaneous observance of the injury to the close

relative.

409 Pa. Super. 83, 102 (1991)(quoting *Mazzagatti v. Everingham*, 512 Pa. 266, 279, 516 A.2d 672, 679 (1986).

The court in *Friend v. Saldana* discredited plaintiff's argument that "actual visual observation of the negligent act is not essential where the facts of the case establish the totality of the plaintiff's sensory awareness combine to convey the nature and import of the events sufficiently to cause emotional injury." 1995 Pa. Dist. & Cnty. Dec. LEXIS 211, P16 23 Pa. D.&C. 4th 316, 327 (1995). In doing so, the court determined that the cases of *Neff v. Lasso*, 382 Pa. Super. 487 (1989), and *Krysmalski v. Tarasovich*, 424 Pa. Super. 121 (1993), served "only to refine the *Sinn* factor of contemporaneous sensory observation to include those situations where the Plaintiff witnesses the events immediately leading up to an accident, the Plaintiff hears the accident occur, and the Plaintiff witnesses the aftermath of the accident." *Friend v. Saldana*, 1995 Pa. Dist. & Cnty. Dec. LEXIS 211, P20-21, 23 Pa. D.&C. 4th 316, 329-30 (1995).

After thoroughly examining Sinn and subsequent interpretations of the contemporaneous observation requirement, the court denied recovery for NIED in *Friend*:

In the case sub judice, the facts as evidenced by the complaint indicate only that the plaintiff-children on two occasions witnessed their mother in an unconscious condition. Hence, they only witnessed the aftermath of the alleged negligent conduct of the defendant-doctor, that being the providing of and administration

of Demerol to the mother.... Thus, there has been no contemporaneous observation by the plaintiff-children.

*Friend v. Saldana*, 1995 Pa. Dist. & Cnty. Dec. LEXIS 211, P21, 23 Pa. D.&C. 4th 316, 330 (1995). *See also Halliday v. Beltz*, 356 Pa. Super. 375, 514 A.2d 906 (1986)(denying recovery to daughter and husband of decedent because they did not witness the surgery, the complications of which resulted in her death).

Lastly, the court in *Bloom v. DuBois Regional Medical Center*, 409 Pa. Super. 83, 597 A.2d 671 (1991), addressed the contemporaneous perception requirement in the context of negligence by omission. In *Bloom*, plaintiff-husband came to visit his wife at defendant-psychiatric hospital and found her hanging from shoestrings behind a bathroom door in an apparent suicide attempt. The court denied recovery on the basis that plaintiff did not witness the traumatic event. 409 Pa. Super. 83, 597 A.2d 671, 683 (1991). In examining its prior decisions, the Superior Court noted that it had "phrased the observance requirement as requiring that the plaintiff have observed 'the accident,' 'the negligent act,' 'the infliction of the negligent harm,' 'the negligent event,' and the 'traumatic event'" in order to recover for NIED. *Id.* at 103, 682. The court determined that the negligence of defendants in *Bloom* was an omission rather than a traumatic event, but because plaintiff did not observe defendants' omission, he could not recover for NIED. *Id.* at 105-6, 683.

In the case at hand, plaintiff cannot recover for negligent infliction of emotional distress ("NIED") because, as she admitted in her complaint, she did not contemporaneously observe the injury to her father; therefore, her cause of

action was properly dismissed. As in *Bloom,* defendants' negligence in failing to prevent plaintiff's father from falling constitutes an omission. Plaintiff did not observe defendants' omissions; therefore, plaintiff does not meet the contemporaneous perception requirement and cannot recover for NIED.

Plaintiff's second contention is that this court erred by sustaining defendants' preliminary objections where, in a separate action brought by plaintiff's parents, the Honorable Gary DiVito of the Philadelphia Court of Common Pleas overruled similar preliminary objections by orders dated July 18, 2012.

However, without getting into detail regarding the merits of the lawsuit brought by plaintiff's parents, plaintiff's father's claim for NIED survives preliminary objections because the injuries were suffered by plaintiff's father, and defendants owed a duty to plaintiff's father as his medical providers. Therefore, because of the significant distinctions between the two lawsuits, the result in one bears no relationship to the result in the other.

## CONCLUSION

For the foregoing reasons, this court respectfully requests that the September 10, 2012 order granting defendants University of Pennsylvania Health Systems, Trustees of the University of Pennsylvania and/or Staff Physician/or Circulating Nurse/or Staff Nurse/ or Personnel/or Transport Personnel at Hospital of the University of Pennsylvania's preliminary objections, thereby dismissing plaintiff's complaint be affirmed.